126 105
132 538

126 105
139 656

126 105
138 487

# Blount *v*. Western Union Telegraph Co.

*Action against Telegraph Company for Failure to Deliver Message.*

1. *Telegraph company; damages not recoverable for mental suffering alone.*—In an action against a telegraph company for negligence in the delivery of a message, damages for mental suffering are not recoverable, except where there is a right of recovery aside from such injuries; and a complaint which only seeks to recover damages for mental suffering, without the recovery of actual substantive damages, constitutes no cause of action and is demurrable.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This was an action of tort brought by the appellant against the appellee.

The complaint averred the sending over the line of the defendant from Dothan, Ala., to Climax, Ga., of a telegram from the plaintiff's wife to one Dock English, instructing him to notify the plaintiff to come home, that his wife had given birth to a girl baby, and that said baby died a few hours after its birth. The complaint then averred that if said message had been delivered by the defendant to said English within a reasonable time after its arrival at Climax, Georgia, said English would have communicated the fact of the birth of plaintiff's child and the plaintiff would have returned home on receipt of said message and been with his wife during her sickness, affliction and sorrow over the death of her child, and that by reason of the negligence and carelessness of the defendant in not so delivering said message within a reasonable time after its reception at Climax, "he was deprived of the privilege of being with his wife during her sickness for twenty-four hours after

the birth of the child, and during her sickness, her affliction and sorrow over the death of her child, and by reason of such deprivation great mental suffering was inflicted upon plaintiff, for which he claims the sum of five hundred dollars special damages." The complaint further averred that after the death of the child it was prepared for burial and carried from Dothan, Alabama, to the plaintiff's old home in Climax, Ga. That immediately upon the receipt of the message, the plaintiff took the first train to Dothan, not knowing the child was dead and would be sent to Climax for burial; that the train which was carrying the plaintiff to Dothan and the train which was carrying the corpse of the child to Climax passed each other, without the plaintiff knowing that the child was being carried to Climax for burial. When plaintiff arrived at his home in Alabama, the corpse of his child was in Georgia for burial, and he was deprived of the privilege of seeing his child. It is then averred that if the defendant had exercised due diligence in delivering such message the plaintiff "could have seen his child before it was buried, and he avers that by reason of being deprived of seeing such child, great mental suffering was inflicted upon him, for which he claims the sum of five hundred dollars special damages."

To this complaint the defendant demurred, among others, upon the following grounds: 1. The complaint shows on its face that there was no contract between the plaintiff and the defendant. 2. Said complaint claims damages for mere pain and anxiety of mind, disconnected from any bodily injury or injury to plaintiff's property or reputation. 3. That the special damages claimed were not such as naturally or proximately result from the breach of any contract. The court sustained this demurrer and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the sustaining of the defendant's demurrer to the complaint.

ESPY, FARMER & ESPY, for appellant, cited *Adair v. W. U. Tel. Co.*, 115 Ala. 441; *Henderson v. W. U. Tel.*

[Marx *et al.* v. Clisby *et al.*]

*Co.,* 89 Ala. 511; *Wilson v. W. U. Tel. Co.,* 93 Ala. 32; *Cunningham v. W .U. Tel. Co.,* 99 Ala. 314; *Kennon v. W. U. Tel Co.,* 92 Ala. 399; *Daughtery v. Amer. U. T. Co.,* 75 Ala. 168; *Norton v. Kumpe,* 121 Ala. 446.

Ray Rushton, *contra.*

McCLELLAN, C. J.—The complaint in this case claims damages only for mental suffering. Such damages are not recoverable in actions for the non-delivery or negligent delivery of telegrams except in case where there is a right of recovery aside from such injuries. There can be no recovery of actual substantive damages for physical injuries or injuries in estate here, for no such damages are claimed. There can be no recovery here of nominal damages as for a breach of contract— to which we have held that damages for mental suffering may be superadded—because the complaint is not upon contract but purely in tort. No recovery apart from damages for mental suffering, in other words, can be had on this complaint and, therefore, no recovery for mental suffering can be had. Upon this ground we concur in the judgment of the trial court on the demurrer to the complaint. We do not at all consider the other assignments of demurrer, nor intend to indicate any opinion or impression in regard to them.

Affirmed.