# Western Union Telegraph Co. *v.* Blocker.

*Action against Telegraph Company for Failure to Deliver Message.*

1. *Telegraph Company; damages not recoverable for mental suffering alone.*—In an action against a telegraph company for negligence in the delivery of a message, damages for mental suffering are not recoverable, except where there is a right of recovery aside from such injuries; and a complaint which only seeks to recover damages for mental suffering, without the recovery of actual substantative damages, presents no cause of action and is demurrable.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, Michael Brocker, against the appellant, the Western Union Telegraph Company; and sought to recover damages alleged to have been caused by the negligence on the part of the defendant in failing to deliver certain telegrams.

The complaint contained four counts.  Under the opinion on the present appeal it is only necessary to set out the second count, which was in words and figures as follows:  "2.  The plaintiff claims of the defendant the further sum of nineteen hundred dollars damages for the breach of a duty that it owed to the plaintiff to deliver him a telegram, which read as follows:  '4-2, 1900.  M. Brocker, care Wagar Lumber Company, Wagar, Alabama.  Come immediately, wife very sick.  A. Picker,' which was sent by the said A. Picker as plaintiff's agent, to the plaintiff on the sec-

ond day of April, 1900, under the following circumstances: Plaintiff left his home in Mobile on March 30th, and went to Wagar, Alabama, to do certain work for the Wagar Lumber Company; at the time that the said plaintiff left Mobile, his wife was sick, and he left instructions that, in case she grew worse, to have that fact telegraphed to him; plaintiff's wife became worse and dangerously ill on the second day of April, 1900, and, pursuant to plaintiff's said instructions, the said A. Picker sent plaintiff the telegram hereinabove set out, and the plaintiff avers that at the time that said telegram was sent the defendant was a corporation engaged in the business of, and holding itself out to the public as, transmitting, for a reward, telegrams from Mobile, Alabama, and elsewhere, to Wagar, Alabama, and to other points in the United States, for all persons desiring its services and paying it a reward therefor, and delivering such telegrams with promptness to those whom they might be addressed; and although the said defendant was paid a reward for sending and delivering said telegram, it, in utter disregard and indifference to the rights of the plaintiff, and to the mental anguish and suffering, that the failure to deliver such telegram would cause to the plaintiff, failed to deliver said telegram, although it promptly transmitted the same to Wagar, Alabama, for delivery, and although the plaintiff was employed at Wagar, Alabama, and the defendant could, by the exercise of reasonable diligence, have delivered said telegram to him.

"The plaintiff avers that, by reason of the defendant's failure to deliver said telegram to him, he knew nothing of the increased sickness of his wife until April 4th, 1900, when the said A. Picker, pursuant to the instructions that plaintiff had left aforesaid, sent plaintiff a second telegram, reading: '4-4. Dated Mobile, Alabama, to Mike Brocker, Care Wagar Lumber Company. Come quick, wife very low, answer. A. Picker, care A. Kling;' and by reason of the failure of the defendant to deliver said first telegram, the plaintiff was kept from his wife, who was very ill and suffering

greatly for more than two days, to his damage as aforesaid."

The defendant demurred to the 1st and 2d counts of the complaint separately, among others, upon the following ground: Said count seeks to recover damages for mental anguish, without showing that the plaintiff suffered any actual damages.

The defendant also demurred to the 4th count. It is unnecessary to set out the facts of the case in detail.

The defendant requested the court to give to the jury, among others, the following written charge: (1.) "If the jury believe the evidence, they must find a verdict for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $500. The defendant appeals, and assigns as error the rulings of the court in overruling the demurrers to the complaint, and the refusal to give the several charges requested by the defendant.

George H. Fearons, J. M. Falkner and Ray Rushton, for appellant.—The complaint did not state a cause of action. Only damages for mental anguish were claimed and there was no claim for actual damages.—*W. U. T. Co. v. Krichbaum,* 132 Ala. 535; *Western Union Telegraph Co. v. Wilson,* 93 Ala. 32; *Blount v. W. U. T. Co.,* 126 Ala. 105; *Wilkinson v. Mosely,* 18 Ala. 288; *Meyers v. Gilbert,* 18 Ala. 467; *Beavers v. Hardy,* 48 Ala. 95; *Chambers v. Seay,* 73 Ala. 372; *Chambers v. Seay,* 87 Ala. 558; *Mobile Life Insurance Co. v. Randall,* 74 Ala. 170; *Capital City Water Co. v. City Council of Montgomery,* 92 Ala. 366; *N., C. & St. L. Railway v. Parker,* 123 Ala. 683.

Gregory L. & H. T. Smith, *contra.*—Damages for wounded feelings can be recovered in a suit in tort for the breach of a duty arising out of a contract where nothing more than nominal damages could otherwise be recovered.—8 Am. & Eng. Ency. of Law, (2d ed.), pp. 659, 665; *W. U. T. Co. v. Wilson,* 93 Ala. 35; *West v. Tel. Co.,* 39 Kansas 96; *W. U. T. Co. v. Adair,* 115 Ala. 441; *W. U. T. Co. v. Blount,* 126 Ala. 105; *W. U.*

[Kansas City, Memphis & Birmingham Railroad Co. v. Flippo.]

*T. Co. v. Henderson,* 89 Ala. 518; *W. U. T. Co. v. Cunningham,* 99 Ala. 317.

SHARPE, J.—This is an action for what is in substance alleged to have been negligence on the part of the defendant in respect of the delivery of certain telegrams. The complaint is in tort, and claims damages solely on account of mental distress. It has been definitely held by this court that in this form of action such damages, when not shown to have been accompanied by other damage, resulting from the wrong, is not recoverable.—*Blount v. Western Union Tel. Co.,* 126 Ala. 105; *Western Union Tel. Co. v. Krichbaum,* 132 Ala. 535.

The trial court erred in overruling the demurrer to count 2 of the complaint, and in refusing to charge the jury affirmatively in defendant's favor, according to its requested charge No. 1.

The record fails to show that the third count of the complaint was demurred to, and hence does not support the assignment of error based on the overruling of such a demurrer.

Reversed and remanded.

