# Western Union Telegraph Co. *v.* Waters.

## *Action against Telegraph Company for Failure to deliver Telegram.*

1. *Action against telegraph company; when count of complaint states action ex delicto.*—In an action against a telegraph company. a count of the complaint which claims damages for the defendant's failure to deliver within a reasonable time, a message sent to the plaintiff by his agent, and that on account of such failure to deliver said message the plaintiff was prevented from being present at the death of his sister and attending her funeral, which caused the plaintiff great mental anguish, to his damage, etc., states a cause of action in case; and, therefore, being an action *ex delicto*, such count can not be joined in the same complaint with other counts stating a cause of action *ex contractu.*

2. *Telegraph company; damages not recoverable for mental suffering alone.*—In an action against a telegraph company for negligence in the delivery of a message, damages for mental suffering are not recoverable, except where there is a right of recovery aside from such suffering; and a count of a complaint which only seeks to recover damages for mental suffering, without the recovery of actual substantive damages, presents no cause of action and is demurrable.

3. *Telegraph company; not liable for failure to transmit and deliver unstamped message.*—While the Act of Congress entitled "An Act to provide ways and means to meet war expenditures and for other purposes" was in operation, which prohibited by express words, a telegraph company from transmitting a telegraph message which did not have upon it a revenue stamp, as required by said act, a telegraph company can not be held liable for failure to transmit and deliver a message which was not so stamped; and a plea which sets up the failure on the part of the plaintiff to so stamp a message, presents a good defense and is not subject to demurrer.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES E. SENN.

This action was brought by the appellee, J. L. Waters, against the Western Union Telegraph Company, to recover damages for failure to deliver a message sent to the plaintiff by his agent.

The complaint as originally filed contained three counts, numbered 1, 2, and 3. The plaintiff amended his complaint by striking out the 1st and 3d counts of the complaint and by adding three additional counts numbered "A," "B," and "C." The counts of the complaint numbered 2, "A," and "B," sought to recove· damages for the alleged breach of a contract, in that the defendant failed to deliver a telegram which was sent to plaintiff by his agent, which telegram the de· fendant contracted to deliver and the plaintiff's agent paid for its transmission and delivery, and by the breach of said contract and the failure to deliver said message, the plaintiff was prevented from being present at the bedside of his sick and dying sister and from attending her funeral. The count of the amended complaint designated "C." was in words and figures as follows: "C. Plaintiff claims of the defendant nineteen hundred and ninety-nine dollars damages for the failure to deliver to him in a reasonable time a message sent to him by James L. Davis, the agent of the plaintiff, who was known by defendant as plaintiff's agent, and who then and there paid to said defendant all the charges and expenses demanded of him for the transmission of such message by telegraph; that said message was as follows, viz.: 'Chattanooga, Tenn., 2-21, 1901. To Mr. J. L. Waters, North Birmingham, Ala.

'Julian serious; come; bring brother.'
(Signed)·    ·'Deitz.'

"And the same was taken and received by said defendant, which was then and there a public telegraph company and engaged in the business of receiving and transmitting telegrams for hire by means of electricity, and to whom said Davis as agent for plaintiff applied for transmission of said message and paid said defend-

ant the sum demanded therefor, to-wit, twenty-five cents. And plaintiff avers that on account of and by reason of such failure to deliver the same the plaintiff was prevented from being present at the bedside of his sister in her last illness and at her death and from attending her funeral or seeing her alive or dead, and on account of which plaintiff suffered great mental anguish to his damage in the sum of nineteen hundred and ninety-nine dollars, and hence this suit."

The defendant demurred to the amended complaint as a whole upon the ground that there was a misjoinder of counts, and to each count of the complaint separately and severally the defendant demurred upon the following grounds: 1st. That the alleged agency of the person sending the message to plaintiff was not shown to have been disclosed to the defendant. 2d. That it is not shown that the plaintiff was injured in person or estate on account of the failure to deliver said message. 3d. That the only damages claimed are for mental pain and anguish growing out of the failure to deliver said telegram. 4th. That it is not averred or shown that the said message was stamped with a revenue stamp as required by act of Congress. These demurrers were overruled, and to this ruling the defendant duly excepted.

The defendant pleaded the general issue and several special pleas, among which was the following: "4. And for a further answer to the complaint defendant says the plaintiff or his agent did not affix or pay for a revenue stamp which the Act of Congress then in force required to be affixed to a telegram or message before same could lawfully be transmitted, and which said act provided a penalty for transmitting a message over telegraph wires until and unless a revenue stamp required and provided for by said act was attached thereto."

To the 4th plea the plaintiff demurred upon the ground that no revenue stamp was necessary on the message received by the defendant for transmission, and which it undertook to transmit without such stamp. This demurrer was sustained.

Under the opinion on the present appeal, it is unnecessary to set out the facts of the case in detail.

Among the charges requested by the defendant and to the refusal to give each of which the defendant separately excepted, was the following: (1.) "If you believe the evidence, you can not find for the plaintiff under the count of the complaint lettered 'C.'"

There were verdict and judgment for the plaintiff, assessing his damages at $700. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—No contract is alleged in this count other than that said agent paid the charges and expenses demanded of him. This count is manifestly framed upon the idea that defendant violated a duty it owed as a public telegraph company and for the breach of a duty the action would be *ex delicto*. If our construction of this count is correct, there is manifestly a misjoinder, and the question was properly raised by a demurrer to the entire complaint.—*Morris v. Eufaula Bank,* 122 Ala. 580.

The demurrer to count "C." should have been sustained.—*Blount v. W. U. T. Co.,* 126 Ala. 165.

Plea No. 4 presented a good defense. It averred that plaintiff or his agent "did not affix or pay for" a revenue stamp which the Act of Congress required to be placed on telegrams.—*Woods v. Armstrong,* 54 Ala. 150.

ROBERT N. BELL, *contra.*—The court did not err in overruling the demurrers to the complaint as amended. Each of the counts of the complaint stated a good cause of action.—*Manker v. W. U. T. Co.,* 137 Ala. 292.

The demurrer and plea that no revenue stamp was on the message when received, were each without merit, in that having received and undertaken to transmit the message it will not be permitted to say it was not bound to receive it in the first instance.—*W. U. T. Co. v. Wilson,* 93 Ala. 32.

The plaintiff was entitled to recover for mental anguish for the breach of a contract.—*W. U. T. Co. v.*

*Adair,* 115 Ala. 441; *McNair v. W. U. T. Co.,* 120 Ala. 99; *Kennon v. W. U. T. Co.,* 92 Ala. 402; *W. U. T. Co v. Wilson,* 93 Ala. 32; *W. U. T. Co. v. Krichbaum,* 132 Ala. 535.

TYSON, J.—The complaint upon which this case was tried contains four counts, designated "2," "A," "B," and "C." The first three are *ex contractu* and the last *ex delicto* and in case. This latter count predicates the plaintiff's right of recovery, not upon a breach of a contract by defendant, but upon the breach of its common law duty as a public carrier, for its failure to deliver this message within a reasonable time.

To show that this is clearly the import of the count and was so intended by the pleader, we have only to call attention to the difference between its phraseology and that of the other counts. As said in *Western Union Telegraph Company v. Krichbaum,* 132 Ala. 538, "The plaintiff had the right to frame the count either in assumpsit or case. He could have maintained the former by relying upon a breach of the contractual obligation to deliver the message for a recovery; the latter by relying upon a breach of duty in failing to deliver it, whether that duty arose out of the contract or is imposed by law. * * * Independent of a *promise* by defendant to deliver the message when it accepted it for transmission, the law imposed the duty upon it of transmitting and delivering it with all reasonable diligence."—25 Am. & Eng. Ency. Law, (1st ed.), 778, 780. No promise on the part of the defendant to deliver the telegram is here alleged, and, therefore, no breach of promise is counted upon. But, as we have said, on the facts alleged the gravamen of the count is clearly for a breach of duty imposed by law. The demurrer interposed to the complaint for misjoinder of counts should have been sustained.—*Morris v. Eufaula Bank,* 122 Ala. 580. Furthermore, the count was subject to that ground of demurrer challenging its sufficiency for its failure to claim any damage to the person or estate of the plaintiff. *Blount v. W. U. T. Co.,* 126 Ala. 105; *W. U. T. Co. v. Blocker,* 138 Ala. 484.

[Nunnelly v. Barnes *et al.*]

For the same reason charge number 1 requested by defendant should have been given. Cases cited *sup. a.*

The court also erred in sustaining the demurrer to the defendant's plea numbered 4.—*W. U. T. Co. v. Young,* 138 Ala. 240.

As we are unable to determine in advance what course will be adopted by plaintiff to conform his pleadings, if he may be so advised, to the principles here announced, it is unnecessary to consider the other assignments of error.

Reversed and remanded.