# Western Union Telegraph *v.* Burns.

*Damages for Non Delivery of Message.*

(Decided Jan. 13, 1910.—51 South. 373.)

1. *Telegraphs and Telephones; Damages for Nondelivery; Mental Anguish.*—Where the complaint is in case and counts upon a breach of duty and alleges damages to person or estate, damages for mental anguish may be asked for and recovered.

2. *Same; Free Delivery Limit; Extra Charges.*—Where the sender or her agent were without knowledge that an extra charge was required for delivery where the addressee lives beyond the free delivery limit, and where it appears that they asked the agent at the sending office if there were any extra charges, and were informed that there were none, the fact that the sendees' address was beyond the free delivery limit of the receiving office, so that an extra charge is required for delivery, will not excuse delay in the delivery.

3. *Same; Agency in Transcribing; Jury Question.*—Where the sender's agent delivered the message to the defendant's agent written on an ordinary sheet of paper and the defendant's agent said it would have to be transcribed on the company's form, and he transcribed it onto a form it was a question for the jury as to whether the company's agent acted as the sender's agent in transcribing it.

4. *Same; Delay in Delivery; Burden of Proof.*—Where the action was against a telegraph company for delay in sending the message for delivery claimed to have been accepted without any extra charges for delivery only within the free delivery limits at destination, the burden was on the company to show that such limits had been established by it after which the duty was on plaintiff to show that the sendee resided within such limits.

5. *Same; Instructions.*—Where the action was for delay in delivering a telegram and the defense was that delivery was not made outside the free delivery limit without the payment of extra charge which was not paid, and it could be inferred from the evidence that the mail box given as the sendee's address was within the free delivery limit as established, and the uncontradicted evidence shows that if the message had been delivered at the box, it would have been delivered promptly to the sendee, a charge asserting that if the defendant's receiving agent was not informed that the sendee was

beyond the free delivery limit at the point of delivery, under the evidence, the jury must find for the defendant, was properly refused.

6. *Same.*—Even if it be conceded that the contract limited free delivery to points within the free delivery limits as established at office of destination, and the sendee's address as given in the message, implied that delivery was to be made by depositing the telegram in a mail box, yet, the company was still bound to deliver the telegram expeditiously, so that a charge asserting that in giving the sendee's address as the mail box, the parties contemplated that delivery in the mail box was sufficient, was misleading in omitting the elements of the company's duty, requiring expeditious delivery to the mail box.

7. *Same.*—Where the telegram was addressed to the sendee at a certain mail box and the evidence tended to show that the box was within the town to which the message was addressed, and the sending agent said that the message would be delivered there without extra charge, the defendant was not entitled to a charge that under the evidence the jury could not find that the defendant agreed to deliver the message in the mail box.

8. *Same.*—Where the action was for delay in delivery of a telegram and the defense was that the sendee lived beyond the free delivery limit and that no extra charge was paid for delivery, a charge asserting that the words, "box 116, route 7," in the address of the sendee implied that the place of free delivery contemplated, was a rural free delivery route was properly refused as harmless where the evidence showed that the sender offered to pay for any extra charges and was informed, there was none; the charge is also properly refused because asserting that defendant's agent had knowledge that the sendee lived beond the free delivery limit.

9. *Appeal and Error; Presentation Below; Specific Exception.*— Where a part of a charge is proper and a part improper, and both occur in the same sentence, the exception thereto should seggregate the erroneous part from the proper part, in order to have the same reviewed by this court.

10. *Charge of Court; Assuming Facts.*—Charges which assume as true facts necessary to be shown are properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mrs. Mattie Burns against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

With the exception of replication 4 to plea 2, the pleadings sufficiently appear from the opinion. Replication 4 is as follows: "For further reply to defendant's second plea, plaintiff avers that neither she nor her agent who delivered said message to defendant for

transmission and delivery knew or had any knowledge of said alleged provision, and plaintiff through her agent without any such knowledge delivered said message to defendant, together with the address of the sendee, to wit, 'C. A. Burns, Route 7, Box 116, North Birmingham, Alabama,' and paid defendant in good faith the price charged by defendant, and inquired of defendant's agent receiving said message as aforesaid if there was any further or extra charge on account of said message, and was informed by defendant's said agent that there was not, and defendant's said agent received and accepted said sum paid by plaintiff in full for all its demands on account of said message."

The following charges were refused to defendant:

(22) "I charge you that, if you believe the evidence, you must find that the person who received the message in Anniston from plaintiff's agent was the agent of the sender in writing down the message."

(3) "If you find from the evidence in this case that defendant's receiving agent at Anniston was not informed of the fact that Mr. Burns was beyond the free delivery limit of the North Birmingham office, then under the pleas and evidence in this case your verdict must be for the defendant."

(4) "I charge you that the giving of Mr. Burns' address as 'Box 116, Route 7,' must be taken to mean that the delivery would be made as contemplated by the parties if the message should be deposited in box 116."

(11) "I charge you that under the evidence in this case you are not authorized to find that the defendant agreed with the plaintiff to deliver the message in question to defendant in box 116, route 7."

(13) "I charge you that, before you are authorized to find that the defendant agreed to make delivery at box 116, on route 7, you must be reasonably satisfied

from the evidence introduced in this case that box 116, on route 7, was within the area within which defendant agreed to make delivery free of additional charge; and I charge you that the burden of proving this fact to your reasonable satisfaction rests upon the plaintiff, and not upon the defendant."

(14) "I charge you that, if you believe the evidence in this case, you will find that the defendant, through its agent at Anniston, expressly limited its obligation to deliver the message in question to delivery within the established free delivery limit of the North Birmingham office; and it is just as much a part of plaintiff's case to prove that the sendee of the message was within those free delivery limits as it is for her to prove that the message was filed at Anniston for transmission to North Birmingham."

(25) "I charge you that the words 'Box 116, Route 7,' imply and infer that the place of delivery contemplated was on a rural free delivery route."

CAMPBELL & JOHNSTON, for appellant.—Grounds 1, 4, 5 and 6 of the demurrer to the complaint should have been sustained.—*Locker's Case,* 138 Ala. 486; *Blount's Case,* 126 Ala. 105; *Water's Case,* 139 Ala. 656. The affirmative charge should have been given for the reasons and upon the authority cited above. The company's agent was the sender's agent in transcribing the message.—*Western U. v. Prevatt,* 43 South. 106. It appears from the evidence that the contract proven was not the contract averred because it contained conditions.—*Williams v. Kennard,* 1 Minor, 196; *McCrummin v. Campbell,* 82 Ala. 566; 22 Ency. P. & P. 572. Charge 22 should have been given.—*Prevatt's Case, supra.* The burden of proof was on the plaintiff to establish that the sendee lived within the free delivery limit.—*Hender-*

*son's Case,* 89 Ala. 517.   Charge 14 was improperly re-
fused.—*Henderson's Case, supra.*

BOWMAN, HARSH & BEDDOW, for appellee.—The com-
plaint was not subject to the demurrers interposed.—
*W. U. T. Co. v. Garthright,* 44 South. 212.   The court
properly refused defendant's affirmative charge regard-
less of the reasons stated in appellant's brief.—*Harris
v. W. U. T. Co.,* 121 Ala. 520; *L. & N. v. Landers,* 135
Ala. 510; *Southern Ry. v. Webb,* 143 Ala. 311.   Charge
22 was properly refused.—*Harris's Case, supra;* 12
Ency. of Evid. 470.   Charge 3 was properly refused.—
*W. U. T. Co. v. Rowell,* 45 South. 74.   Counsel discuss
other assignments of error, but without citation of au-
thority.

EVANS, J.—The complaint is in case, and counts on
a breach of duty by the defendant telegraph company,
in respect to the delivery of a telegraphic message sent
by the plaintiff to her husband from Anniston to North
Birmingham, Alabama.   The message was in this lan-
guage :  "Wife sick, come at once."

The gravamen of the complaint is that, through the
negligence of the defendant, the message was not de-
livered until two days after it was received for trans-
mission.   The conclusion of the complaint is as fol-
lows:  "And as a proximate consequence thereof, plain-
tiff, who was sick, at or near Anniston, suffered great
mental pain and anguish, and was deprived of the pres-
ence of her said husband for a long time, and lost the
price paid to the defendant for the transmission and de-
livery of the message as aforesaid, to wit, fifty cents
($ .50).   All to plaintiff's damage, $2,000, wherefore
she sues."   The demurrer to the complaint, as is brought
out in the brief of counsel for appellant, proceeds upon

the idea that the complaint fails to show any damage to the plaintiff in person or estate, and that, failing in this respect, the complaint fails to state a substantial cause of action.

Since the case of *Blount v. Western, etc., Co.,* 126 Ala. 105, 27 South. 779, decided during the November term, 1899, of this court, it has been the law in this jurisdiction that, in an action in tort against a telegraph company, a complaint which seeks to recover only damages for mental suffering, without damages actual and substantial, constitutes no cause of action and is demurrable.—*W. U. T. Co. v. Krichbaum,* 132 Ala. 535, 31 South. 607; *W. U. Tel. Co. v. Blocker,* 138 Ala. 484, 35 South. 468; *W. U. Tel. Co. v. Waters,* 139 Ala. 652, 36 South. 773; *W. U. Tel. Co. v. Willie Jackson,* 163 Ala. 9, 50 South. 316.

But it is also the settled law of this state that a complaint in tort which claims, as damages, the toll paid for the sending of the message, in addition to damages for mental anguish, is safe from demurrer; and that if negligence is established and proof made of the payment of the toll, the plaintiff will be entitled to have added, to the amount of such toll, damages for mental suffering.—*W. U. Tel. Co. v. Krichbaum,* 145 Ala. 409, 41 South. 16; *W. U. Tel. Co. v. Garthright,* 151 Ala. 413, 44 South. 212.

So the question we have for determination is, Does the complaint claim any item of damages other than that for mental anguish; does it claim the amount paid as toll for the transmission of the message? It would seem that neither discussion nor reference to authorities is necessary to an affirmative answer to this question, as upon an inspection of the complaint it is difficult to conceive how variant opinions, on this point, could be entertained. The complaint itself affords the affirma-

17—164

tive answer, and the demurrer to the complaint was properly overruled.—*W. U. Tel. Co. v. Garthright, supra.*

The thirteenth is the next ground in the assignment of errors discussed in the brief of appellant's counsel. This ground is based upon the court's refusal of the affirmative charge requested by the defendant. We will treat seriatim the points made in the brief against this ruling of the court.

The first reason urged as why the charge should have been given is shown to be without merit by what we have said touching the ruling of the court on the demurrer.

In respect to the second reason given, it is necessary to bring in view a part of the pleadings. The defendant, by plea 2, set up as a defense that one of the conditions of the contract under which message was received for transmission and delivery was as follows: "Messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance, a special charge will be made to cover the cost of delivery." The plea avers that the defendant's established free delivery limit at North Birmingham was "a radius of one mile from its office in said town;" that the sendee resided 1½ miles from the office; and that "plaintiff did not pay or cause to be paid or tender to defendant any special or additional charge for delivery beyond the established free delivery limits of the terminal office."

In the first place, issue was joined on this plea, and, even if it should be conceded that there is evidence in the record tending to show that the defendant company had established free delivery limits, as alleged in the plea, yet it cannot be said that the evidence in this respect was of such a nature as to warrant a charge from

the court that such limits were established. Moreover, there was evidence tending to show that the place of delivery of the message was within the limits. Therefore on this point it cannot be said that the plea was established beyond adverse inference.

Furthermore, while special replication 2 to plea 2 was charged out by the court, yet replication 4 to plea 2 remained in the cause, and the record affords evidence tending to prove its allegations; and the facts therein alleged, if found in favor of the plaintiff, were sufficient to overcome the defense set up in plea 2.

In this connection it is pertinent to discuss the effect of the action of the agent of the company, at the office in Anniston, in transcribing the message to one of defendant's printed forms. The testimony in the case in reference to the message's being written on one of defendant's forms is that of Tyson, who, as plaintiff's agent, delivered the message at defendant's office for transmission. He testified that the message was written on "regular writing paper"; that he gave the message to defendant's agent just as plaintiff had written it, and he (the agent) copied it; that "the agent said it would have to be transferred to other paper." The court is of the opinion that the most that can be said in behalf of the defendant, in this matter, is that it was a question for the jury, whether the agent, in transcribing the message to one of defendant's forms, should be considered the plaintiff's agent. Certainly it cannot be said as a matter of law that he was acting for the plaintiff. —*Harris's Case*, 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70.

The foregoing discussion shows the lack of merit in appellant's contention that the affirmative charge should have been given for it, on the idea of a variance between the averments of the complaint, and the proof.

—*L. & N. R. R. Co. v. Landers,* 135 Ala. 510, 33 South. 482; *Southern Ry. Co. v. Webb,* 143 Ala. 311, 39 South. 262, 111 Am. St. Rep. 45.

What we have already said in respect to the effect of the agent at. Anniston in transcribing the message to one of defendant's forms, suffices to show that the court committed no error in refusing charge 22, requested by the defendant. The case under consideration is not similar to that of *Western Union Telegraph Co. v. Prevatt,* 149 Ala. 617, 43 South. 106. In that case the sender of the message could neither read nor write, and procured one of the telegraph company's employes to write the message for him; and the court held that the employe, in writing the message, was the sender's agent, in such sense as to bind the sender to a stipulation on the form. The case we have in hand falls without the influence of the *Prevatt Case,* and is governed by the *Harris Case, supra.* If the contract of delivery of the message was made with regard to free delivery limits, then the burden of showing that such limits had been established, and the area of the same, was upon the defendant; and after this, the burden of showing that the sendee of the message resided within the limits was upon the plaintiff.—*Western Union, etc., Co. v. Whitson,* 145 Ala. 426, 41 South. 405, and cases there cited; *W. U. Tel. Co. v. Benson,* 159 Ala. 254, 48 South. 712.

The court, in the part of the oral charge excepted to, correctly charged that the burden was upon defendant to show that "there was a free delivery limit," but erroneously stated that the burden was upon the defendant to show that the sendee "lived" without such limit (authority supra); but the two propositions as stated by the trial court, while separable, are embraced in the same sentence, and to make the error pointed out available as reversible error the part of the charge containing it should have been segregated by the exception.

[Western Union Telegraph Company v. Burns.]

This was not done. Hence, the appellant can take nothing by the ground in the assignment of errors covering the part of the oral charge above referred to.

The testimony is not free from inference that box 116 of route 7 was within the free delivery limits of the defendant company at North Birmingham, even conceding that the evidence shows the establishment there of free delivery limits; and the evidence is without conflict that if the message had been delivered at that box expeditiously, then according to arrangements made by the sendee with Mrs. Bailey it would have been at once delivered to him. Charge 3, requested by the defendant, leaves out of consideration these phases of the evidence, and was properly refused.—*Rowell's Case,* 153 Ala. 295, 45 South. (5th h. n.), p. 74.

Furthermore, the evidence tends to show that box 116 was within North Birmingham, and that the sending operator of the defendant stated to Tyson, the sendee's agent, that the message would be delivered to North Birmingham, "all right," without extra charge.

Upon the considerations adverted to in discussing charge 3, and in the light of Mrs. Bailey's testimony as to the location of box 116, it must be held that the question propounded to Mrs. Bailey, "Did or not any telegraph messenger bring any telegram to your house from the 30th of June up to the 3rd day of July?" was properly allowed.

Even if there was a contract between the parties, in respect to the free delivery limits (*Harris's Case, supra*) and the address of the message implied delivery by depositing the message in box 116, still an expeditious delivery would be indispensable to the discharge of defendant's duty; and it is clear that, in leaving out of consideration that character of delivery, charge 4, requested by defendant, was at least misleading, and was properly refused.

[Western Union Telegraph Company v. Burns.]

Charge 11 was misleading, and, in the light of the testimony, was invasive of the province of the jury.

Even if charge 25, refused to defendant, asserted a correct proposition, the action of the court in refusing it worked no injury to the defendant; for in accordance with the proposition asserted by the charge, the address carried home to the defendant's sending operator notice or knowledge that the sendee lived outside the free delivery limits, and the undisputed testimony shows that the plaintiff's agent offered for the plaintiff, to pay to the sending operator any extra charge for making the delivery of the message, and that he replied that there would be no extra charge. Moreover, the charge was misleading and called for explanation. It was properly refused.

Charge 13 was properly refused for assuming that the area of the limits within which delivery of messages would be made free of additional charge was shown by the evidence; or, we might say, the evidence fails to show the area of the free delivery limits, or that any such limits were established.

Charge 14 was properly refused, for the assumption that free delivery limits had been established by the defendant.

We have discussed all the grounds of error insisted upon by the appellant, and find no error in the record prejudicial to it.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

The foregoing opinion was prepared by Justice Denson before his retirement as Associate Justice, and having been adopted in consultation it is now announced as the opinion of this court.