# Western Union Tel. Co. *v.* Wright.

*Damages for Failure to Deliver Telegram.*

(Decided June 9, 1910.  53 South. 95.)

1. *Telegraphs and Telephones; Delay in Delivery; Mental Anguish; Recovery.*—Where the complaint was in tort but did not claim actual damages to estate or person, there was nothing upon which a claim for mental anguish could be predicated, and hence, such a count stated no cause of action; notwithstanding the allegation of payment of a specific sum as toll, since that was not the equivalent of a claim for said sum.

2. *Same; Obligation.*—Where a telegraph company receives a message addressed to the addressee in care of a third person, it must use all reasonable means at hand to locate the addressee or the third person; but where it did not find the name of such third person in the telephone book, the fact that it failed to call up each of the persons in the book having the same surname to ascertain whether or not either of them were such third person, did not show negligence, especially where such third person's name and residence was found by an agent of the company in the city directory.

3. *Same; Evidence.*—Where a telegram was received by the telegraph company to an addressee in care of his brother in care of a third person, it was competent for the company to show that such third person was beyond the free delivery limit to rebut the imputation of negligence for failing to show any effort to get the message to such third person.

4. *Same.*—Where the undisputed evidence showed that had the telegram been delivered immediately after it was sent, plaintiff could not have reached his child before its death and the complaint grounded complainant's mental anguish on his not being able to be with his wife for twenty-four hours after the death of the child, it was error to authorize a recovery for mental anguish occasioned by the plaintiff's inability to be with the child before its death.

Appeal from Jefferson Circuit Court.

Heard before Hon. A. H. Alston.

Action by J. J. Wright against the Western Union Telegraph Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

The first count is as follows:  "Plaintiff claims of defendant $1,900 as damages, for that heretofore, to wit, on the 16th day of July, 1907, the defendant cor-

[Western Union Tel. Co. v. Wright.]

poration was engaged in and about the transmission of messages by wire by means of electricity in the state of Alabama from, to wit, Birmingham, Ala., to Myrtlewood, Ala. And plaintiff avers that on, to wit, the said date, the following message was filed at Myrtlewood, Ala., for the plaintiff at Birmingham, Ala., viz.: 'Come at once, baby very low. Annie Bell.' And plaintiff avers that the defendant, acting by or through its servants or agents, received said message at Myrtlewood, Ala., as aforesaid, and that it was and became the duty of defendant, its servants or agents, to deliver said message promptly to the plaintiff at Birmingham; but the defendant, acting by or through its servants or agents, so negligently and carelessly conducted itself in and about transmitting said message that the same was never delivered, or was delivered too late to enable plaintiff to reach his baby before its death, as a proximate consequence of which the plaintiff was caused to suffer great mental pain and anguish."

The amendment alluded to is as follows: "Comes the plaintiff, by attorney, and by leave of the court amends his complaint in this cause as follows: (1) By inserting, just after the words 'undertook, contracted, and agreed,' where same last appear together in said count, the following: 'For and in consideration of the sum of, to wit, 25 cents, which was paid to defendant's agent at Myrtlewood'—and by adding at the end of said count the following: 'And lost the said sum so paid for said message.' " the complaint was further amended by striking from the first count the words "to reach his baby before its death," and inserting in lieu thereof the following: "To reach his wife and be with her for, to wit, twenty-four hours after the death of their baby."

The following is the oral charge of the court, designated in exception 2: "There are two directories which have gone in. One is a directory of the city of Birmingham, and the other is a directory that is gotten up by the Bell Telephone, containing the address of subscribers and their numbers. Now, I charge you upon that question that, in connection with all the evidence that is here, you are to conclude from the testimony before you whether or not this defendant company exercised the ordinary diligence that a prudent man would have exercised under similar circumstances, when he consulted a directory of the city, which is a list of citizenship generally of the city, or whether he should have gone further in his investigation, and found from the directory of the Bell Telephone Company that there were several Wrights in it, and he called up none of them. You must determine from that whether, in failure to do that, to ascertain those Wrights, although he did not find the name of Charles, although he did find several— C. E., and C. A., and C. D., I believe, are the initials of them—whether he exercised that diligence that a prudent man would have exercised under similar circumstances in undertaking to ascertain from that the place of residence of Charles Wright, in whose care the telegram was sent."

CAMPBELL & JOHNSTON, for appellant. Counsel discuss the numerous errors assigned relative to the admission and exclusion of evidence, but without citation of authority. They insist that the 6th paragraph of the oral charge is erroneous, and cite.—*W. U. T. Co. v. Heathcoat.* They further insist that the general charge as to count 1 should have been given, and cite in support thereof.—*Blount v. W. U. T. Co.,* 126 Ala. 105; *W. U. T. Co. v. Krichbaum,* 132 Ala. 535; *Same v.*

[Western Union Tel. Co. v. Wright.]

*Brocker*, 138 Ala. 484; *Same v. Waters*, 139 Ala. 652; *Same v. Rowell*, 153 Ala. 295; *Same v. Howell*, 47 South. 342.

GASTON & PETTUS, for appellee. No brief reached the Reporter.

ANDERSON, J.—The first count of the complaint was in tort and claimed damages only for mental suffering. There was no claim for actual damages to the plaintiff's estate—nothing upon which damages for mental suffering could be predicated. Therefore damages for mental anguish could not be recovered under said count, and, as it was only for mental anguish, it did not state a cause of action.—*Western Union v. Waters,* 139 Ala. 652, 36 South. 773; *Blount v. Western Union Tel. Co.,* 126 Ala. 105, 27 South. 779; *Western Union Tel. Co. v. Rowell,* 153 Ala. 295, 45 South. 73; *Western Union Tel. Co. v. Krichbaum,* 132 Ala. 535, 31 South. 607.

It is true the complaint was amended, setting up "for and in consideration of the sum of, to wit, 25 cents, which was paid to defendant's agent at, to wit, Myrtlewood." This does not claim the toll, however, as damages, but merely recites the payment of same. Moreover, there is no place for the insertion of the amendment in count 1 after words set out, as said words do not appear in count 1.

It seems that the plaintiff's wife sent several telegrams on July 16th, two to plaintiff and one to his brother, Chas. Wright, direct, and which said three were sent to the office at Myrtlewood. She also sent another, later in the day, to the plaintiff by way of Thomasville and in the care of his brother, Chas. Wright. The proof also shows that the two sent to the

Myrtlewood office, and as received by the defendant, to the plaintiff, were, one care of Chas. Wright in care of Buckeye Cotton Oil Co., and the other in care of one Tice. The Thomasville message was the only one sent to the plaintiff in care of Chas. Wright only and alone, and, as the suit is for a Myrtlewood message, we must discard the Thomasville one. It was stated upon the trial by plaintiff's counsel that they relied upon the message sent the plaintiff in care of Chas. Wright, and which must have been the one sent from Myrtlewood in the care of Chas. Wright in care of the Buckeye Company. As this said message was sent in care of the Buckeye Company, the failure to show any effort to get it to said company may have imputed negligence to the defendant, and it should have been permitted to show that said company was beyond the free delivery limits.

It was incumbent upon the defendant to use all reasonable means at hand to locate the plaintiff or his brother; but, not finding the name Chas. Wright in the telephone book, it was not a circumstance going to show negligence because other Wrights were in the book with "C," for the first initial, and the defendant's agent failed to call each of them up and ascertain whether or not either of them was the Chas. Wright in question, especially in view of the fact that the name Chas. Wright with his place of residence was seen by the agent in the city directory. The trial court erred as to that part of the oral charge designated as exception 2, in so far as it authorized the jury to impute negligence for a failure of the defendant's agent to call up the other Wright or any of them and ascertain if either of them was Chas. Wright, and the man in whose care the telegram was sent.

The trial court erred in so much of the oral charge as authorized, as a part of plaintiff's damages, the mental

suffering over not being able to get to and be with his child. This claim was eliminated from the original complaint by an amendment, which grounded the mental anguish upon not being able to be with his wife for 24 hours after the death of their baby. Moreover, the undisputed evidence shows that, had the telegram been delivered immediately after it was sent, he could not have reached the baby before its death. The child died at 8 o'clock p. m. of the day the message was sent, a considerable distance from Birmingham at Nanafalia, which is 12 miles from a railroad, and the first train that he could get going in that direction left about 12 o'clock that night.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.

