# McLendon *v.* Western Union Telegraph Co.

### Damages for Delay in Delivery of Telegram.

(Decided November 24, 1916.   73 South. 120.)

1. **Telegraphs and Telephones; Delivery; Complaint.**—Where the action was ex delicto for damages for defendant's negligent failure to transmit a telegram, a complaint, claiming damages for mental pain and anguish only, does not state a cause of action.

2. **Same; Payment.**—The payment of the fee for the transmission of a telegram after examining the message, and with knowledge that the agent of defendant was guilty of negligence in failing to deliver, and without demand by defendant for the fee, was voluntary, and not an injury proximately caused by defendant's breach of duty, since defendant's breach of duty released plaintiff from the obligation to pay the fee.

3. **Same; Mental Pain and Anguish.**—Where plaintiff was not entitled to recover the fee for the transmission of a telegram to him, and there was no other injury alleged, he was not entitled to recover damages for mental pain and anguish in an action ex delicto for delay in delivery.

4. **Same.**—Where there was no allegation that as a proximate cause of defendant's negligence plaintiff incurred expense in sending a message to

delay the funeral until he could arrive, he could not recover upon proof alone of such fact, or make such damage a basis for mental anguish.

5. **Appeal and Error; Harmless Error; Adverse Ruling.**—Rulings adverse to a plaintiff's contention are without injury where he shows no right of recovery.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by Clyde S. McLendon against the Western Union Telegraph Company, for damages for delay in delivering a message. Judgment for defendant and plaintiff appeals. Affirmed.

DICKINSON & DICKINSON, and JAMES W. STROTHER, for appellant. ALBERT T. BENEDICT, and RUSHTON, WILLIAMS & CRENSHAW, for appellee.

BROWN, J.—This action is by the sendee of a telegram to recover damages alleged to have proximately resulted from the breach of the defendant's duty to exercise reasonable care, skill, and diligence in transmitting and delivering the message, and is ex delicto.

(1) The law is settled in this state that one essential of the cause of action in such cases is that the plaintiff has suffered injury to his person or estate as the proximate result of the breach of the duty; and, in the absence of such injury, damages for mental pain and anguish are not recoverable.—*Western Union Tel. Co. v. Wright*, 169 Ala. 104, 53 South. 95; *W. U. T. Co. v. Waters*, 139 Ala. 652, 36 South. 773; *Blount v. W. U. T. Co.*, 126 Ala. 105, 27 South. 779; *W. U. T. Co. v. Krichbaum*, 132 Ala. 535, 31 South. 607; *W. U. T. Co. v. Blocker*, 138 Ala. 484, 35 South. 468.

While it is enough that the plaintiff has paid the fee for the transmission of the message without receiving the benefits within the contemplation of the parties, as a result of negligence either in transmission or delivery of the message on the part of the telegraph company or its servants while acting in the scope of their authority (*W. U. T. Co. v. Krichbaum*, 145 Ala. 409, 41 South. 16), yet such damage to estate cannot be recovered or made the basis for the superimposition of damages for mental pain and anguish unless specially claimed (*W. U. T. Co. v. Wright, supra*). The first count of the complaint only claims damages for mental pain and anguish, and, under the authorities cited above, does not state a cause of action.

[McLendon v. Western Union Telegraph Co.]

The only damages, other than for mental pain and anguish, claimed in the other counts, is the loss of the fee or reward paid by the plaintiff to the defendant to transmit and deliver the telegram; and these counts aver that this was suffered "as a proximate consequence" of the breach of the defendant's duty to transmit and deliver the message.

The evidence shows that the plaintiff's residence was in Auburn within 300 yards of the defendant's office, that he was at home when the message was received in Auburn, and that the agent of the defendant was guilty of negligence in failing to deliver the message. The evidence further shows that the fee for the transmission of the message was not paid when the message was filed for transmission with the defendant's agent at Ramer, and not until after the plaintiff was in possession of all the facts with respect to the defendant's negligent failure to deliver the message. The plaintiff testified on this point: "I had no knowledge of the message on which this suit is based until after the funeral, when I was informed of it by my brother. When I was at my father's home, I went to Ramer, and requested the Western Union operator to let me see the message. He permitted me to examine it. I then paid him 25 cents as the charge on the same. * * * It was some time after my father died. I don't remember the exact date that I went to the telegraph office and, having been informed of the facts, paid the agent for the message."

(2) The telegraph company having failed to perform the contract entered into with the plaintiff's agent to transmit and deliver the message, the plaintiff was under no obligation, legal or moral, to pay the fee for transmitting and delivering it; and the evidence fails to show that the defendant even demanded the fee. On the other hand, it shows that the plaintiff paid the 25 cents voluntarily and without legal obligation. This being true, it cannot be said that he suffered the loss as a proximate consequence of the defendant's breach of duty. The defendant's having breached its duty released the plaintiff of all obligation to pay; and the payment subsequently made was a voluntary payment, not proximately caused by the defendant's breach of duty, and the plaintiff cannot recover the money so paid.—*Prichard v. Sweeney*, 109 Ala. 657, 19 South. 730.

(3) Not being entitled to recover the fee alleged to have been paid, he was not entitled to recover any damages for mental

[DuBose v. The State.]

pain and anguish; and, these being the only elements of damage claimed, he was not entitled to recover anything.

(4) While the evidence on the part of the plaintiff tends to show that as a proximate consequence of the defendant's negligence he incurred expenses in sending a message to delay the funeral until he could reach his father's home, the expense incident to this message, if such there was, is not claimed; and proof without allegation is as fatal as allegation without proof.—*W. U. T. Co. v. Wright, supra.*

(5) The plaintiff showing no right of recovery, the rulings of the court adverse to his contentions were without injury, and will not be further reviewed.—*W. U. T. Co. v. Krichbaum, supra.*

Affirmed.