(78 South. 414)

### WESTERN UNION TELEGRAPH CO. v. WILLIAMS. (6 Div. 273.)

(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied April 2, 1918.)

1. APPEAL AND ERROR ☾═242(3) — MATTERS REVIEWABLE—RECORD.

Where no ruling is shown on a demurrer, it cannot be reviewed.

2. TELEGRAPHS AND TELEPHONES ☾═65(2) — EXEMPLARY DAMAGES—PLEADING.

Although exemplary damages may be awarded under a count alleging simple negligence, where wantonness is made the basis of a declaration, the necessary averments as to damage to person, reputation, or estate must be alleged in cases where the suit is by the sendee of a telegram, because there may be wantonness without negligence.

3. TELEGRAPHS AND TELEPHONES ☾═66(4) — FAILURE TO DELIVER DEATH MESSAGE — PROOF OF DEATH—SCHEDULE OF TRAINS.

In action against telegraph company for nondelivery of death message proof of death and schedule of trains must be proven by witnesses who know the facts, and mere guesses and conclusions will not suffice.

4. TELEGRAPHS AND TELEPHONES ☾═66(2) — TELEGRAM DELIVERY SHEET — ADMISSIBILITY.

Where it was uncontroverted that a death message was sent after a certain other telegram was received by sender, delivering sheet, signed by the sender for the first message, was admissible to corroborate telegraph company as to time of sending death message and to contradict sender's evidence that death message was sent prior to the hour shown in the delivery sheet.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Action by J. M. Williams against the Western Union Telegraph Company for damages for delay in delivery of a telegram. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action is by the sendee of a telegram to recover damages alleged to have proximately resulted from the breach of the defendant's duty to exercise reasonable care, skill, and diligence in transmitting and delivering and for wantonly failing to deliver, all of the counts being ex delicto.

Count 2 is as follows:

Plaintiff claims of defendant the sum of * * * as damages for that, whereas, one R. F. Williams, who is the brother of plaintiff, and was acting as the agent and for the benefit of plaintiff, delivered to defendant the Western Union Telegraph Company, which was engaged in the business of transmitting messages for hire, between Greenville, Ala., and Altoona, Ala., the following message at Greenville, Ala., for transmission to C. V. Williams, a son of plaintiff at Altoona, Ala., and said R. F. Williams paid defendant a transmission fee of 40 cents, which message and fee defendant accepted and agreed to transmit and deliver to C. V. Williams the following message, to wit: "Green-

ville, Ala. 2/27/15. Mr. C. V. Williams, Altoona, Ala. Tell Jim that Nole died this morning. R. F. Williams." And plaintiff avers that his son, C. V. Williams, lived in the town of Altoona, Ala., on the day said message was delivered to defendant for transmission, and would have communicated to plaintiff the contents of said message within one hour if the same had been delivered to said C. V. Williams; and that said Nole referred to in said message is the name of the brother of plaintiff, whose death said message announced, and plaintiff would have attended the funeral of his brother Nole Williams, if said message had been delivered to said C. V. Williams, within a reasonable time; and that defendant's agents or employés, while acting within the line and scope of their employment negligently failed to deliver said message to said C. V. Williams, who would have delivered same to plaintiff, until Nole Williams was buried; and that as a proximate consequence of the negligence of defendant's agents or employés while acting within the line and scope of their employment, plaintiff was deprived of the privilege of attending the funeral of his said brother Nole Williams, and was caused much mental pain and suffering, and was deprived of the consolation and company of his near relatives, and was caused the loss of the fee of 40 cents, all to plaintiff's damage.

The other pleadings sufficiently appear.

Forney Johnston and W. R. C. Cocke, both of Birmingham, and Albert T. Benedict and Francis Raymond Stark, both of New York City, for appellant. Russell & Johnson, of Oneonta, for appellee.

SAMFORD, J. On the authority of Western Union Telegraph Co. v. Burns, 164 Ala. 252, 51 South. 373, the second count of the complaint presented a good cause of action, and was not subject to demurrer.

[1] On the following authorities: McLendon v. W. U. T. Co., 73 South. 120;[1] W. U. T. Co. v. Wright, 169 Ala. 104, 53 South. 95; W. U. T. Co. v. Waters, 139 Ala. 652, 36 South. 773; Blount v. W. U. T. Co., 126 Ala. 105, 27 South. 779; W. U. T. Co. v. Rowell, 153 Ala. 295, 45 South. 73; W. U. T. Co. v. Krichbaum, 132 Ala. 535, 31 South. 607; W. U. T. Co. v. Blocker, 138 Ala. 484, 35 South. 468; 1 Sedgwick on Damages (8th Ed.) § 361—we hold that the other counts failing to allege that the plaintiff suffered injury to his reputation, person or estate, the demurrers to counts 3, 4, and 5 were well taken, and should have been sustained, and so also as to counts 6, 7, 8, and 9; but no ruling being shown on the demurrers to these counts, we cannot pass upon them. And the court having charged the jury that recovery of punitive damages could be had under these counts, the overruling of the demurrers to counts 3, 4, and 5 could not be said to be error without injury.

[2] Exemplary damages may be awarded under a count alleging simple negligence if the facts justify it (Sparks v. McCreary, 156 Ala. 389, 47 South. 332, 22 L. R. A. [N. S.] 1224; Birmingham Waterworks Co. v. Brooks, 76 South. 515[2]), but there may be wantonness

---

☾═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 15 Ala. App. 230.        [2] Ante, p. 209.

without negligence, and when wantonness is made the basis of a declaration, the necessary averments as to damage to person, reputation, or estate must be alleged in cases where the suit is by the sendee of a telegram, and a failure to make this allegation renders the count subject to demurrer. For these errors the judgment of the trial court must be reversed, and the cause remanded.

The foregoing rulings on the pleadings render it unnecessary for this court to pass upon the various other questions presented by the record, dependent upon counts to which demurrers must be sustained, as such questions will probably not be presented on another trial.

[3] There are certain objections to testimony made the basis of assignment of error, based on a failure of proof of the death and burial of the plaintiff's brother. Of course, these facts must be shown by competent evidence and by witnesses who know the facts. Mere guesses or conclusions will not suffice. Witnesses should not be permitted to testify to conclusions, but their testimony must be confined to facts alone, from which the jury must draw the conclusions. This rule applies also to proof of the schedules of the trains by which plaintiff would likely have been transported from his home to the place of burial.

[4] The witness Bradley, the manager of defendant's Greenville office, from which the telegram the basis of this suit is claimed to have been sent, testified that he knew and recognized the signature or R. F. Williams, the sender of the message, to whom a message from Sewanee was delivered, and that "this is the paper, and that is Mr. Williams' signature on it, and I know it." This delivery sheet showed on its face that the message from Sewanee was delivered at Greenville to Williams at 3:43 o'clock p. m. Williams had testified that he had filed the message the basis of this suit for transmission at or before 2 o'clock, and all of the testimony was to the effect that the message the basis of this suit was not filed until after the message from Sewanee had been received. The court on motion excluded this delivery sheet, over the objection and exception of the defendant. This evidence was material in corroboration of Bradley, who testified for the defendant that he accepted the message the basis of this suit at 4 o'clock p. m. It was also admissible as tending to contradict the plaintiff's testimony to the effect that he filed the message at 2 o'clock p. m. In granting this motion, the trial court committed error.

The court did not commit error in refusing to give the general affirmative charge for the defendant. It was a question for the jury under all the evidence to say whether or not plaintiff was entitled to recover under count

2 of the complaint, and in case of a recovery, to fix the damages to which he was entitled. It is unnecessary, we think, to specifically pass upon each assignment of error on the evidence, as an adherence to the general rules above set out will be a sufficient guide for the court on another trial.

Reversed and remanded.