# Birmingham Railway, Light & Power Co. *v.* Nolan,

*Action by Passenger against Common Carrier to recover Damages for being carried beyond Destination.*

1. *Action against common carrier; when punitive damages will be awarded.*—In an action by a passenger against a common carrier to recover damages for being carried beyond her destination, the evidence for the plaintiff tended to show that when she paid the conductor her fare she told him that she wished to get off at a certain designated station, to which the conductor replied "all right;" that when the train reached her destination the bell was pulled by another passenger at her request, and the conductor was told that the plaintiff desired to get off, that thereupon the conductor replied that the plaintiff would have to go to the next station, and then gave the signal to the engineer to go ahead, which he did, and plaintiff was carried three-quarters of a mile from her place of destination; that she there got off and had to walk back through the wind and cold, when the ground was wet and sloppy from snow; that as a result she was made sick and had been in bad health ever since. The evidence for the de-

[Birmingham Railway, Light & Power Co. v. Nolan.]

fendant tended to show that the conductor diα not under-
take to put the plaintiff off at the place designated as her
point of destination; that said designated place had been
discontinued as a station on the road, but there was no evi-
dence that plaintiff knew that fact. The evidence also
showed that the conductor had authority to stop the train
at any station. *Held*: That under such evidence, apart from
the charge of wantonness or willfulness as made in the com-
plaint, it was open to the jury to infer gross negligence on
the part of the conductor, which would authorize the award-
ing of punitive damages; and that, therefore, charges re-
quested by the defendant which instructed the jury that they
could not award punitive damages, were erroneous and prop-
erly refused.

2. *Same; excessive damages.*—In such a case, the awarding plain-
tiff one hundred and fifty dollars damages can not be said
to be excessive.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This action was brought by the appellee, Mrs. Alpha
Nolan, against the Birmingham Railway, Light & Power
Co., to recover damages sustained by the plaintiff as
the result of being carried beyond her destination while
riding on one of the defendant's cars and being
put off at another station, and in failing and refusing
to put the plaintiff off where she had notified the con-
ductor she wanted to get off. The facts of the case
are sufficiently stated in the opinion.

The substance of the charges requested by the de-
fendant, to the refusal to give each of which the defend-
ant separately excepted, are set forth in the opinion.

There were verdict and judgment for the plaintiff,
assessing her damages at $150. The defendant made
a motion for a new trial, upon the ground, among others,
that the damages awarded were excessive. This motion
was overruled, and the defendant excepted. The de-
fendant appeals, and assigns as error the several rul-
ings of the trial court to which exceptions were re-
served.

WALKER, TILLMAN, CAMPBELL & PORTER, for appel-
lant, cited *L. & N. R. R. Co. v. Quick*, 125 Ala. 553.

ESTES & SMITH, *contra,* cited *Parker v. Wise,* 27 Ala. 480; *W. U. Tel. Co. v. Henderson,* 89 Ala. 510; *A. G. S. R. R. Co. v. Huddleston,* 82 Ala. 218; 1 Sutherland on Damages, 734.

HARALSON, J.—The complaint contained besides counts for simple negligence, one for having recklessly, willfully or wantonly, refused to put plaintiff off at 25th street in Bessemer, to which point she had paid her fare, and where the conductor, at the time she paid it to him, agreed to put her off. The case was tried on the plea of the general issue.

The proof, on the plaintiff's part, tended to show that she paid the conductor her fare to her destination,— 25th street,—and when she paid it, she told him that she desired to get off at that street, and he said "All right;" that the train did not stop to let her off, when it reached her destination, but the bell cord was pulled by a gentleman for plaintiff, which attracted the attention of the conductor, who was told that the plaintiff desired to get off, and he replied, that "The train does not stop at 25th street, and the lady will have to go to the next station," and thereupon, he gave the signal to the engineer to go ahead, which he did, and plaintiff was carried to Woodward's crossing,—about three-quarters of a mile from 25th street,—where she got off and had to walk back; that it was windy and cold, and the ground was wet and sloppy from snow that had fallen; that she got her feet wet and was taken sick, and has been sick nearly ever since, and that she required the attention of a physician, who paid her several visits.

The evidence of the defendant tended to show that the conductor did not undertake to put plaintiff off at 25th street, when she paid him her fare, and that he was not guilty of reckless or wanton conduct in the matter; that 25th street had been, for a year or more, discontinued as a stopping place or station on the road, but there was no evidence that plaintiff knew that fact. The conductor testified that he had authority, as conconductor, to stop a train at any station.

Errors are assigned alone for the refusal to give the charges requested by defendant.

The court was requested by the defendant to charge the jury that they could not award punitive damages in the case; that they could award no more than nominal damages, and that if they believed the evidence, they must find for the defendant.

To authorize punitive damages, the act complained of must be willful, or the result of reckless indifference to the rights of others, which is equivalent to an intentional violation of them, or "where the injury has been wanton, or malicious, or gross."—*Wilkinson v. Searcy,* 76 Ala. 181.

It is settled that the infliction of actual damage is not essential to the imposition of exemplary damages. *A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9. If, then, in this case, the negligence of the conductor was so gross as to evince an entire want of care, and was sufficient in the minds of the jury to raise the inference that being cognizant of the probable consequences, he was indifferent to them, it was in their province to award exemplary damages.—*A. G. S. R. R. Co. v. Arnold,* 80 Ala. 601. We must hold, that under the evidence, apart from the charge of wantonness or willfulness, it was open to the jury to infer gross negligence on the part of the conductor. The court was not authorized, therefore, to take this question from them. There was no error in refusing the charges requested by defendant.

A motion was made for a new trial on the ground, among others, that the damages awarded were excessive. It was refused. We do not feel authorized, under the facts of the case, to set the judgment aside on that ground.

Affirmed.