# Birmingham Railway Light & Power Co. v. Wise.

*Action for Damages for Injuries Resulting from Failure to Receive Plaintiff as a Passenger.*

(Decided Dec. 20, 1906.   42 So. Rep. 821.)

1. *Carriers; Existence of Relation of Passenger and Carrier; Pleading.*—A complaint containing allegations that defendant was a common carrier of passengers by means of electric cars running from G. to B.; that plaintiff and her children were at G. at the proper place there for receiving passengers, for the purpose of being transported by means of such car from G. to B.; that the car stopped at said place for the purpose of receiving passengers, but plaintiff did not board it by reason of the negligence of the servant of defendant in charge of the car in negligently failing to allow her a reasonable time or opportunity to do so, aside from the positive allegations therein contained that plaintiff and her children were defendant's passengers, and that it was its duty to transport them from G. to B., sufficiently shows the relation of carrier and passenger.

2. *Same; Wanton Injury; Pleading.*—A complaint, after alleging

[Birmingham Railway Light & Power Co. v. Wise.]

that the servant of defendant in charge of the car negligently failed to allow plaintiff a reasonable time or opportunity to board the car, averred that defendant's servant in charge of the car, while acting in the line and scope of his authority as such servant, wantonly or intentionally prevented plaintiff from boarding said car as aforesaid, and thereby wantonly or intentionally caused said plaintiff to suffer said injuries. Held, sufficent to charge wantoness or intentional injury.

3. *Appeal; Review; Discretion; Competency of Immature Witness.*— Unless it clearly appears that the court's discretion was improperly used in permitting a witness of immature years to testify, it will not be reviewed on appeal.

4. *Trial; Motion to Exclude Evidence.*—Where there was no objection to the question or the answer thereto, and the evidence was relevant, a motion made to exclude such evidence, made at the close of the defendant's testimony, comes too late.

5. *Damages; Right to Punitive Damages; Instructions.*—An instruction authorizing punitive damages if the act was done negligently, intentionally or wantonly, is improper; such damages not being recoverable for simple negligence.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mollie Wise against the Birmingham Railway, Light & Power Company. Judgment for plaintiff. Defendant appeals. Reversed and Remanded.

This is an action by one offering herself as a passenger of defendant for a failure on part of the defendant to carry her and her minor children from one point upon the line of defendant's street railway to another point on said line. The complaint contained two counts, as follows:

"(1) The plaintiff claims of the defendant five thousand dollars, for that heretofore, to-wit, on the 18th day of November, 1903, defendant was a common carrier of passengers for hire and reward from Gate City to Birmingham, in Jefferson county, Alabama, by means of a car operated by electricity upon a railway running from said Gate City to said Birmingham, and plaintiff and her said children were defendant's passengers, and it was the duty of defendant to carry them on said car from said Gate City to said Birmingham, as aforesaid; that on said day plaintiff, with her baby of tender years

in her arms and several other children with her, was at said Gate City, at the proper place used by defendant for receiving passengers on said car, for the purpose of boarding said car and being carried by said car as its passenger from said Gate City to said Birmingham; that said car stopped at said Gate City for the purpose of receiving passengers, and while same was stopped as aforesaid some of plaintiff's said children boarded said car, but plaintiff, with her said baby and another or others of said children, did not board said car, and as a proximate consequence thereof plaintiff was exposed to the cold and inclement weather for a long time, and suffered great mental and physical pain, and great inconvenience, was compelled to wait for a long time without shelter from the cold and inclement weather, and was made sore and sick, and was put to great trouble, inconvenience, and expense in or about her efforts to protect herself and her said baby from the cold and inclement weather, and in and about getting to said Birmingham, and in and about her efforts to heal her said sickness and soreness. Plaintiff alleges that she did not board said car, and she suffered said injuries and damages as aforesaid, by reason and as a proximate consequence of the negligence of the defendant's servant or agent in charge or control of the car, in this, viz: Said servant or agent, while acting within the line and scope of his authority as such, negligently failed to allow plaintiff a reasonable time or opportunity to board said car."

(2) Same as the first count down to the words "heal her said sickness and soreness," and adding: "Plaintiff further avers that defendant's servant or agent in control or charge of said car, while acting within the line and scope of his authority as such agent or servant, wantonly or intentionally prevented plaintiff, with her said baby, from boarding said car as aforesaid, and thereby wantonly or intentionally caused plaintiff to suffer said injuries and damages."

Demurrers were interposed as follows:

To first count: "Averments are too vague, indefinite, and uncertain. It does not appear therefrom wherein or how the defendant's servant or agent negligently

failed to allow plaintiff a reasonable opportunity to board said car. It avers but the conclusions of the pleader. No facts are therein alleged showing wherein the defendant violated any duty owing to plaintiff. For that it does not appear therefrom that plaintiff was a passenger on defendant's car. For that it does not appear that plaintiff had paid her fare as a passenger. For that no facts are therein averred showing that defendant owed plaintiff any duty." To second count: "For that it does not appear therefrom how or in what manner said servant or agent wantonly or intentionally prevented plaintiff from boarding said car. For that no facts are averred therein showing a wanton or intentional injury to plaintiff. For that no facts are therein averred which put defendant on notice as to what acts of misconduct are relied on."

These demurrers being overruled, the defendant pleaded the general issue and the contributory negligence of the defendant in negligently failing to board the car while the same had stopped at said place in the complaint alleged.

Dixie Wise was introduced as a witness, and testified that he was seven years old; did not know when he was seven; did not know "what that meant when I held up my hand and swore to speak the truth a while ago. I know the difference between a lie and the truth. I do not know what you will do with a little boy if he tells a lie. If he dies after telling a lie, I do not know what will become of him. I go to Sunday school when mama will let me. I always tell the truth. Bad boys, when they tell lies, go to the bad man. It would be wrong to tell a lie after you have sworn to tell the truth, and if I were to tell a lie after I had sworn to tell the truth I would go to the bad man."

The charges requested by the defendant and refused by the court are as follows:

Charges 1, 2, and 3 were affirmative charges. "(4) The jury are not authorized to find from the evidence that the defendant's conductor wantonly or intentionally started the car from the stopping place at Gate City before the plaintiff and some of her children boarded the car. (5) In considering the question

whether or not the jury will award punitive damages on the defendant the jury may consider the fact, if they find it to be a fact from the evidence, that the defendant's conductor or its other agent who is charged with wantonness or willfulness was not present in court to testify on its behalf. (6) If the jury should find for the plaintiff, they cannot award any damages to plaintiff to compensate her for any sickness the jury believe from the evidence she suffered, and which was due to her exposure at the station while waiting until the car that she went to Birmingham on arrived at Gate City."

There was verdict and judgment for the plaintiff in the sum of $425. Application for new trial was made because the damages awarded were excessive, and because the court improperly instructed the jury after the jury had retired and when they had returned into open court and stated that they could not agree upon a verdict.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —Counsel discuss assignments of error but cite no authorities.

BOWMAN, HARSH & BEDDOW, for appellee.—The 1st and 2nd counts as amended were not subject to the demurrers interposed.—*Armstrong v. Montgomery St. Ry.*, 123 Ala. 244; *Russell v. Huntsville Ry. Co.*, 137 Ala. 628. The question of competency in an infant witness is for the court and only a gross abuse of discretion will be reviewed.—*Beason v. The State*, 72 Ala. 194; 21 S. W. 604; 64 N. C. 601; 102 Mo. 288; 3 N. J. Law, 202; 47 Ga. 524. A child over seven is not prima facie incompetent to testify.—*Wade v. The State*, 50 Ala. 164; *Kelly v. The State*, 75 Ala. 21; *McGuff v. The State*, 88 Ala. 150. The plaintiff was a passenger.— Booth on Street Railways, § 326; Nellis' Street Surface Railways, page 446. Counsel discuss other assignments of error but cite no authorities.

HARALSON, J.—The demurrer to the first count is sought to be sustained on the ground that the count

does not show that the relation of carrier and passenger existed at the time of the grievance complained of. The count as amended, alleges in terms, that "plaintiff and her children were defendant's passengers and it was the duty of defendant to carry them on said car from Gate City (the initial station) to said Birmingham as aforesaid." The second count contains the same averment. The circumstances stated in the counts, aside from the positive averment of the relation of carrier and passenger, were sufficient to create that relation.—5 Am. & Eng. Ency. Law (2d Ed.) 488, 491, and notes; Hutchinson on Carriers, §§ 558, 562.

2. The second count avers, "that defendant's servant or agent in charge or control of said car, while acting within the line and scope of his authority as such servant or agent, wantonly or intentionally prevented plaintiff with her said baby from boarding said car as aforesaid, and thereby wantonly or intentionally caused plaintiff to suffer said injuries and damage." This was a sufficient averment to save the count from the ground of demurrer, that the count does not show that the injury complained of was wantonly or intentionally "inflicted."—*Russell v. Huntsville Railway, Light & Power Co.,* 137 Ala. 628, 34 South. 855; *C. of G. R. Co. v. Foshee,* 125 Ala. 226, 27 South. 1006; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 244, 26 South. 349.

3. There was no reversible error in the ruling allowing the seven year old boy, Dixie Wise, to testify. In passing on the competency of a witness of tender years, much must necessarily be left to the discretion of the presiding judge, and this discretion will not be revised unless it clearly appears that it has been improperly exercised.—*Wade v. State,* 50 Ala. 164; *Kelly v. State,* 75 Ala. 22, 51 Am. Rep. 422; *McGuff v. State,* 88 Ala. 147, 7 South. 35, 16 Am. St. Rep. 25.

4. The witness, H. J. Palmer, testified that when the car stopped at Gate City, there were seven or eight or ten passengers to alight, before Mrs. Wise and her party, consisting of herself and nine children, who were in waiting to get on the car, could get aboard. After her daughter, Mrs. Palmer, and Mrs. Wise's little son,

32

Alfred, and one or two of the children, got on the car, the witness testified, that he saw the conductor in the act of pulling the bell cord, and protested, asking him not to move the car until the rest of the party got on, when he answered that he did not have time, and the car proceeded around the loop, leaving Mrs. Wise and the others of her children, standing there; that he asked the conductor again, to stop and let the mother and her children get on the car with the ones that were already on, and he said he did not have time, but did stop about a third of a mile away, and put the children off, who were on the car. Again he testified, that Mrs. Wise followed the car around the loop, and he asked the conductor to stop and put the children off with their mother, who was following the car, and he said he did not have time, and witness then asked him, to let the mother and her three children get on, and he replied he did not have time, and went on about two blocks and stopped and put the children off.

5. The defendant, after it had introduced its testimony, moved the court to exclude that part of the evidence about what the conductor said or did at the place where the loop comes into the main line. It does not appear that the question calling for the evidence was objected to, nor was the answer objected to after it was made. The evidence tends to show a wanton disregard of plaintiff's rights, and a willingness to inflict any consequent injury on her that might follow such disregard of her rights.

6. The court in its general instructions, charged among other things: "Now the allegation of the complaint is that these parties were acting within the line and scope of their employment, if so, and either one or both of them negligently, intentionally or wantonly as I have described wantonness to you, failed to allow her to board the car, then you may inflict what is called punitive, exemplary or vindictive damages."

This instruction, in the alternative, charges simple negligence and wantonness, either one or the other. This is an averment, that either a negligent, or an intentional or wanton failure to allow plaintiff to board the car, was sufficient to authorize punitive damages.

[Hess. v. Birmingham ·Railway, Light & Power Company.]

This was error.—*L. & N. R. R. Co. v. Duncan,* 137 Ala. 454, 34 South. 988; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 521; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 35, 13 South. 130. Punitive damages are not recoverable for simple negligence, but the recovery in such case is for compensatory damages. —5 Mayfield's Dig. p. 263, § 4; *B. R. L. & P. Co. v. Nolan,* 134 Ala. 332, 32 South. 715; *A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17.

7. We have examined charges requested by defendant and refused, and find no reversible error in their refusal.

For the error above pointed out, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.