# Nashville, Chattanooga & St. L. Ry. Co. *v*. Casey.

### *Injury to Passenger.*

(Decided June 1, 1911. 56 South. 28.)

1. *Carriers; Injury; Setting Down Passengers.*—Where it appeared that the train stopped the usual length of time, which appeared to be a reasonable length of time for passengers to alight; that the servants or agents of the carrier had no notice of the passenger's enfeebled condition, and it appeared that the passengers entering, which plaintiff claimed delayed her exit until the train had started, were not directed or authorized by the servants to enter, the railroad was not guilty of negligence in starting the train before the passenger plaintiff alighted.

2. *Same; Contributory Negligence.*—Where a woman, old and infirm, was unable to alight from the train during the time it stopped at the station her attempt to do so with the aid of her son, after the train had started was contributory negligence.

[Nashville, Chattanooga & St. L. Ry. Co. v. Casey.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by A. B. Casey, as administrator of Hetty Casey against the Nashville, Chattanooga & St. Louis Railway Company, for damages for injury to Hetty Casey while a passenger. Judgment for plaintiff and defendant appeals.    Reversed and remanded.

WALKER & SPRAGINS, for appellant. The law does not impose upon the conductor the duty of seeing and knowing that all passengers have alighted who intended to do so. Unless he knows or has good reason to believe the contrary, he may presume that passengers have availed themselves of this privilege when he has stopped his train for a sufficient length of time to enable them to do so.—*B. U. Ry. Co. v. Smith,* 90 Ala. 63. The passenger's attempt to alight after the train had started was contributory negligence.—*Watkins v. B. R. & E. Co.,* 120 Ala. 152; *L. & N. R. R. Co. v. Lee,* 97 Ala. 324. Counsel discuss other matters not necessary to be here set out.

INZER, McCORD & ORR, for appellee. The question of whether or not the defendant was negligent in starting his train when he did and as to whether he stopped it a reasonable length of time for passengers to alight was for the jury.—*C. of G. v. Miles,* 88 Ala. 256; *L. & N. v. Perry,* 87 Ala. 392; *Watkins v. B. R. & E. Co.,* 120 Ala. 147. The plaintiff was not at fault in starting to leave the train and in placing herself on the steps when the train started.—*C. of G. v. Miles, supra.* Hence, the question of her contributory negligence was one for the jury.—6 Cyc. 648; 5 A. & E. Enc. of Law, 576. Counsel discuss the measure of damages, but it is not deemed necessary to here set them out.

PER CURIAM.—This action is for injury received in alighting from a car at the station, originally brought by Hetty Casey, and after her death revived in the name of appellee as her administrator. The evidence shows that the original plaintiff was about 80 years old and very infirm, and that she was traveling on the car from Guntersville to Albertville. Her son Albert Casey, who was traveling with his mother, testified that he had two little children with him and a bundle of goods; that the station at Albertville was called, and that the train came to a standstill; that he got off with the children and his bundle; that a crowd of young men got on the car; that his mother was on the middle step when the train started; that he took hold of her after the car had moved a little distance; that it had moved about half a car length, when he nearly fell; that he did not fall; that his mother's back did not touch the ground; that he took hold around her body and does not know whether she was struck or not, but with the help of Mr. A., he prevented her from falling to the ground; that she came to him as he reached to hold her, after the train started. W. G. Casey, another son of Hettie Casey, testified that he is a physician; that his mother was old and infirm; that her condition was such that she could not get off any vehicle in safety, unless it was at a standstill, and that this was plain to any one.

The testimony showed that one, and probably two, of her ribs were "fractured," or, as the physician explained it, "cracked," which the testimony of physicians showed, might have been caused, either by a blow or fall, or by the pressure of her son's arm around her, in her aged and enfeebled condition. It was not shown that the conductor knew anything about her enfeebled condition, nor about her attempt to alight from the car after the train had started. He stood at the platform assisting

passengers out, until he thought all were out, then took away the stool that had been placed for alighting passengers to step on, went to the front of the train to see that all baggage and express articles were off, and gave the signal for the train to start and got on at that end of the train. Some of the witnesses supposed that the train stopped two or three minutes, some from three to five minutes, and the conductor and other employees testified that it stopped for four minutes, which was the regular time for stopping, and "plenty of time for all passengers to get off." There was no testimony tending to show that the train did not stop the usual length of time, or that it was not a reasonable time for passengers to alight, or that the conductor or any of the employees knew of intestate's feeble condition, or of her attempt to alight, or that the conductor or any employees directed or authorized the entry of the boys into the car, which it is claimed delayed the exit of intestate.

Under the facts in evidence in this case, the negligence of defendant was not proved as claimed.—*Birmingham Union Ry. Co. v. Smith,* 90 Ala. 60, 63, 8 South. 86, 24 Am. St. Rep. 761; *Highland Ave. & Belt R. Co. v. Burt,* 92 Ala. 291, 294, 9 South. 410, 13 L. R. A. 95; *Birmingham Ry. & Elec. Co. v. Wildman,* 119 Ala. 547, 554, 24 South. 548; *Central of Georgia Ry. Co. v. McNab.* 150 Ala. 332, 342, 43 South. 222.

Under the undisputed evidence in this case, the plaintiff's intestate was guilty of contributory negligence in attempting to alight while the train was moving.—*L. & N. R. Co. v. Lee,* 97 Ala. 325, 326, 12 South. 48; *Watkins v. Birmingham Ry. & Elec. Co.,* 120 Ala. 147, 152, 24 South. 392, 43 L. R. A. 297; 2 Hutchinson on Carriers (3d Ed.) § 993, p. 1144.

The court erred in refusing to give the general charge requested by the defendant.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Mr. Justice Simpson, of the Supreme Court of Alabama, before the case was transferred to this court under the provisions of the act establishing the Court of Appeals of Alabama and was adopted as the opinion of this court; Walker, P. J., not sitting, having been of counsel in the case.