# Birmingham Railway, Light & Power Co. *v.* Mindler.

## *Injury to Passenger.*

(Decided Dec. 19, 1911. 57 South. 113.)

1. *Carriers; Injury to Passenger; Contributory Negligence.*—The pleas of contributory negligence in this case examined and held to sufficiently disclose facts to which the law attaches the conclusion that plaintiff was guilty of negligence proximately contributing to her injury and hence, that the pleas were not demurrable.

2. *Damages; Willfulness; Pleading and Proof.*—Where the complaint charged a willful and wanton injury, a charge asserting that if the jury believed from the evidence that defendant recklessly and carelessly injured the plaintiff, they could take into consideration the wanton count of the complaint, and give punitive damages, authorized the jury to award punitive damages on proof of simple negligence, and was hence, erroneous.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Amelia Mindler against the Birmingham Railway, Light & Power Company for damage to her as a passenger, received while alighting from one of its cars. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

[Birmingham Railway, Light & Power Co. v. Mindler.]

The pleas referred to are as follows: (2) "For further answer to each count of plaintiff's complaint, separately and severally, defendant says that plaintiff was herself guilty of negligence which proximately contributed to her alleged injuries, which negligence consisted in this: The plaintiff negligently attempted to disembark from said car while same was moving at a rate of speed exceeding five miles per hour, with her hands incumbered with bundles, and without using her hands, as she might have done, and she was injured in said attempt, and would not have been injured, had she used one of her hands as any reasonably prudent person would have done under similar circumstances." (3) Same as 2, down to and including the words "consisted in this," where they first occur, and adding: "Plaintiff, without using her hands as she might have done, and thereby avoided the injury, and as any reasonably prudent person would have done under similar circumstances, negligently attempted to disembark from said car while the same was moving, and was injured in said attempt."

The oral charge of the court, excepted to, is as follows: "Now, if you believe that that was recklessly or carelessly done, then the wanton count can also be taken into consideration by you. You can then give her what the law calls punitive damages; that is, punish them for their recklessness and carelessness, for not recognizing the high duty the law imposes upon them for the safety of their passengers."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in sustaining demurrer to the pleas of contributory negligence.—*Watkins v. B. R. & E. Co.*, 128 Ala. 152; *Hunter v. L. & N.*, 150 Ala. 160. Counsel discuss assignments of error relative to

evidence, but without citation of authority. The court erred in its oral charge, in that it authorized the recovery of punitive damages on proof of simple negligence. —*K. C. M. & B. v. Crocker*, 95 Ala. 414; *So. Ry. v. Bush*, 122 Ala. 481; *B. R. L. & P. Co. v. Wise*, 149 Ala. 498; *Mont. St. Ry. Co. v. Rice*, 142 Ala. 676.

GASTON & PETTUS, for appellee. No brief reached the Reporter.

WALKER, P. J.—The second and third pleas each detailed the conduct of the plaintiff in attempting to alight from the moving car which was relied on to sustain the conclusion therein averred that she was guilty of negligence which proximately contributed to the injury complained of. Looking to the averment of facts, and not alone to the conclusion of the pleader deduced therefrom, the court is of the opinion that each of those pleas disclosed a state of facts to which the law attaches the conclusion, expressed by the pleader, that the plaintiff was guilty of negligence proximately contributing to her injury, and that neither of them was subject to demurrer on any of the grounds assigned.—*Osborne, Adm'x, v. Alabama Steel & Wire Co.,* 135 Ala. 571, 33 South. 687. The averments of each of those pleas show that in the plaintiff's attempt to alight from a moving car there was an absence of such care, prudence or forethought on her part as, in the circumstances stated, such a venture reasonably called for, and that this failure of duty on the part of the plaintiff was a contributing cause of the result complained of.—*Watkins v. Birmingham Railway & Electric Co.,* 120 Ala. 147, 24 South. 392, 43 L. R. A. 297; *Hunter v. L. & N. R. R. Co.,* 150 Ala. 594, 43 South. 802; *Nashville, C. & St. L. Ry. v. Casey,* 1 Ala. App. 344, 56 South. 28. It may be

remarked that the evidence on the trial—both that of-fered by the plaintiff and that offered by the defendant —did not indicate that the incident complained of oc-curred under such circumstances that the defense set up in these two pleas would have been available to the defendant if the demurrers to them had been overruled. If the record disclosed no other ground for reversing the judgment, it might be a question whether the court could be justified, in such a situation, in treating the action of the court in sustaining the demurrers to the pleas as error without injury, or would have to indulge the presumption that the defendant might have dis-closed the occurrence under a very different aspect, if it had not, by the act of the court in sustaining the de-murrers to the pleas, been denied the opportunity of at-tempting to sustain them by evidence. But the question suggested is not material, as the record discloses other error requiring a reversal of the judgment appealed from.

In a part of its oral charge to which an exception was reserved the court instructed the jury in effect that if they believed from the evidence that the defendant reck-lessly or carelessly injured the plaintiff, then they could take into consideration the wanton count of the com-plaint, and give the plaintiff punitive damages. Under this instruction a count alleging wanton or willful mis-conduct could be sustained by evidence showing no more than mere carelessness—simple negligence, and puni-tive damages could be awarded for such negligence. Un-der the authorities it cannot be doubted that such an instruction was materially erroneous.—*Kansas City, Memphis & Birmingham R. Co. v. Crocker*, 95 Ala. 412, 11 South. 262; *Southern Railway Co. v. Bush*, 122 Ala. 470, 26 South. 168; *Birmingham Ry. L. & P. Co. v. Wise*, 149 Ala. 492, 42 South. 821; *Montgomery Street Rail-way v. Rice*, 142 Ala. 674, 38 South. 857.

·Other rulings assigned as errors need not be passed on, as the questions involved may not be presented on another trial.

Reversed and remanded.