# Roach v. Wright.

### Automobile Frightening Animal.

(Decided November 4, 1915.  70 South. 271.)

1. **Appeal and Error; Assignments; Sufficiency.**—An assignment of error that the court erred in overruling defendant's demurrers to each count of the complaint is too general to require a separate review of the demurrers to each count, unless all the counts are bad, and the demurrers will be held properly overruled where one count was good.

2. **Motor Vehicle; Frightening Animal; Complaint.**—Where the action was for damages for frightening a mule by the operation of an automobile, a count alleging that defendant negligently ran an automobile along a city street, causing plaintiff's mule to become unmanageable, break loose, and run away, and as a proximate result of defendant's negligence, plaintiff was damaged, etc., was good as against demurrers filed.

3. **Charge of Court; Instructions; Form.**—Charges requested and couched in the form "if you believe the evidence in this case you must find for the defendant on named count of the complaint," are bad in form and properly refused.

4. **Charge of Court; Applicability to Evidence.**—Where there was evidence showing that the mule was frightened by the automobile, a charge asserting that if you believe from the evidence that the mule was not frightened at the approach of the automobile, then there was no duty on the part

[Roach v. Wright.]

of the defendant, to stop said automobile, you must find for defendant, was not only abstract but contrary to the evidence.

5. **Damages; Punitive; Instruction.**—Where no claim was made for punitive damages, it was not error to refuse charges denying recovery for punitive damages.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by A. J. Wright against J. R. Roach and another who was stricken from the case. Judgment for plaintiff, and defendant Roach appeals. (Transferred from the Court of Appeals under Acts 1911, § 6, p. 449.) Affirmed.

The first count alleges that on or about August 17, 1912, defendant Roach and Anderson negligently ran, or caused to be run, an automobile, or motor vehicle of like kind, along the streets of the town of Fayette, Ala., causing plaintiff's mule, which was attached to his buggy, to become unmanageable, to break loose and run away with plaintiff's buggy, thereby destroying and rendering worthless plaintiff's said buggy and his harness attached to said mule, and rendering said mule less fit for service, and as a proximate result of said negligence of said defendant, plaintiff was damaged and injured in the sum of $99.50. Later the complaint was amended by striking out W. A. Anderson as a party defendant, and the cause proceeded against J. R. Roach alone. The demurrers were that the complaint fails to allege that defendant knew that the mule which was attached to the buggy was frightened, or would become frightened, at the approach of the automobile; no facts are alleged which constitute negligence upon the part of defendant, which proximately contributed to the injury complained of; the allegations of negligence in said complaint are mere conclusions of the pleader; and the complaint states no cause of action, and is insufficient under the laws. The defense set up was the general issue, and an ordinance of the town of Fayette prohibiting the hitching of any animal to a fence, picket, or shade tree, upon or along any of the sidewalks, streets, or in any yard or storehouse, or other place of business in said town, and making the same a misdemeanor, and that on the day and date of the injury, plaintiff negligently and in violation of said ordinance hitched his said mule, attached to said buggy, on one of the principal sidewalks in said town, thereby proximately contributing to his injury.

[Roach v. Wright.]

Among the exceptions to evidence, the following may be noted: Plaintiff asked a witness, "What was the mule doing when the automobile came on?" Objection was overruled, and witness answered. "The mule was pulling back and against the bridle, and about the time the car passed the mule broke the bridle." Also the question, "Did you, or not, see any evidence that the mule was frightened before the car came along?" Also to another witness, "Do you know anything about the value of buggies?" Also to another witness, "You saw, however, that the mule was frightened, and was looking in the direction of the automobile about 75 yards before it got to the mule?"

The following are the charges referred to in the opinion: "(1) If you believe the evidence in this case you must find for defendant on count 1 of the complaint."

(2) Same as 1 to count 2 of the compliant. (3) Same as 1 to count 3 of the complaint. (4) Same as 1 to count 4 of the complaint. (5) Same as 1 to count 5 of the complaint.

"(7) If you believe from the evidence that the mule was not frightened at the approach of the automobile on the occasion complained of, then there was no duty on the part of defendant to stop said automobile, and you must find for defendant."

"(E) If you believe the evidence, you cannot award plaintiff any damages for the purpose of punishing defendant."

McNEIL & MONROE, for appellant. BEASLEY & WRIGHT, for appellee.

ANDERSON, C. J.—(1, 2) The first assignment of error is: "The court erred in overruling the defendant's demurrers to each count of the complaint."

This assignment is too general to require a separate review of the demurrers to each count of the complaint unless each of said counts are bad.—*Jordan v. Rice*, 165 Ala. 650, 51 South. 517. It is sufficient to say that count 1 was not subject to any of the grounds of demurrer, and the sufficiency of same is supported by the case, cited by counsel for appellant.—*Birmingham R., L. & P. Co. v. Ely*, 183 Ala. 382, 62 South. 816. It is true the opinion in said case condemns count 1 there considered, but it must be noted that the opinion was not concurred in by the court, as a majority held that said count was sufficient.

(3)· The defendant's refused charges 2, 3, 4, and 5 requested an affirmative finding for the defendant separately as to the counts therein mentioned, and were in bad form.—*Western Steel Co. v. Cunningham*, 158 Ala. 369, 48 South. 109; *Ala. Iron Co. v. Smith*, 155 Ala. 287, 46 South. 475.

(4) Charge 7, refused the defendant, was abstract. The undisputed evidence showed that the mule was frightened by the approach of the automobile.

(5) Charge E, requested by the defendant, was foreign to any issue in the case, as there was no claim for punitive damages. Charges should be based upon issues made by the pleading, and should not inject new ones into the case. In the case of *Bowles v. Lowery*, 5 Ala. App. 555, 59 South. 696, that court held that there was error in giving charge D, at the request of the plaintiff, as it authorized a recovery for punitive damages which was not covered by the complaint. In other words, the charge injected a foreign issue into the case, just as charge E does in the present case. The case of *Barbour v. Shebor*, 177 Ala. 304, 58 South. 276, has no bearing upon the defendant's refused charge E. Moreover, we think that this is among the few cases in which we can safely say that the verdict of the jury did not include punitive damages.

The rulings upon the evidence in this case have been considered and afforded no basis for a reversal of this case; and, as they involve no new or serious questions of law, a discussion of same can serve no good purpose.

The judgment of the circuit court is affirmed.

Affirmed.

MCCLELLAN, SAYRE, and THOMAS, JJ., concur.