BOARD OF LEVEE COM'RS FOR YAZOO-MISSISSIPPI
DELTA v. FOOTE DAVIS & CO.

[71 South. 163.]

1. LEVEES. *Levee boards. Authority of members and officers. Contracts. Estoppel.*

   The board of levee commissioners in an agency created by the state for administering the affairs of the levee district, and those who deal with public officers must look to the statutes for their duties and powers and unless the statutes of the state confer upon the secretary of the levee board the power to bind the board of levee commissioners in contracts for stationery, he is without power to do so, and since there is no statute conferring such power the board is not bound by a contract of its secretary for such purpose.

2. LEVEE BOARDS. *Liability on contracts. Estoppel.*

   A board of levee commissioners, which accepted and paid part of an account for stationery and office supplies ordered by its secretary without authority, was not thereby estopped to deny its liability for the balance of the account.

3. SAME.

   In a suit for such balance of account, the court had no power to go into the question as to the motive of the board of levee commissioners in rejecting the balance of the account, since it might have refused to pay any part of the claim, and when it paid a part of the account, plaintiff received more than he could have collected by law.

APPEAL from the circuit court of Coahoma county.
HON. T. B. WATKINS, Judge.

Suit by Foote, Davis & Company against the Board of Levee Commissioners for the Yazoo Mississippi Delta. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gary & Rice,* for appellant.

*D. A. Scott, E. M. Yerger* and *Somerville & Somerville,* for appellee.

Cook, P. J., delivered the opinion of the court.

This action was begun in a justice of the peace court against the board of levee commissioners for the Yazoo-Mississippi Delta, upon an open account, embracing stationery and office supplies. In the circuit court oral evidence and depositions were offered by the plaintiff, appellee here, in support of the account. At the close of the evidence, the trial judge instructed the jury to find for the plaintiff; hence this appeal.

The bill of goods in question was sold to the secretary of the board of levee commissioners. It appears that the secretary had no authority from the board of levee commissioners to buy the goods, but it is contended here that it had been the custom for a number of years for the secretary to buy goods of this character, and for the board of commissioners to pay the bills so bought as a matter of course.

"The board of levee commissioners is an agency created by the state for administering the affairs of the levee district. Its members are public officers." *State* v. *Board of Levee Com'rs of Yazoo-Mississippi Delta,* 96 Miss. 685, 51 So. 211. Those who deal with public officers must look to the statutes for their duties and powers, and, unless the statutes of the state confer upon the secretary of the levee board the power to bind the board of levee commissioners in contracts of the sort here involved, no such authority existed. We have examined all of the laws passed by the legislature which refer to the board of levee commissioners for the Yazoo-Mississippi Delta, and have been unable to find anything which suggests that the secretary of the board may, under any circumstances, make a contract binding upon the levee commissioners. As his official title implies, he is merely the secretary of the board—the keeper of the minutes and the books of the board. It is his duty to keep the minutes, and records, and he is the official scribe. The secretary may be likened to the clerk of

the board of supervisors of a county, or the clerk of a city, or town council, and has no more authority to make contracts for the levee district than would the clerk of the board of supervisors for the county.

It appears that the board of levee commissioners accepted, and ordered paid, some part of the account, and from this it is contended that it is estopped to deny its liability for the entire account.

We do not believe that this contention is sound. The board decided, no doubt, that some of the items of the account were needed, and therefore paid for such items, and decided that the other items were not needed, and, not being legally bound to pay for the same, the board of commissioners declined to do so.

The record suggests that the board arbitrarily rejected a part of the claim, some part of which had been used by the secretary and other officers of the board. We do not think that this court is empowered to go into this question, because the board had the undoubted power to refuse to pay anything; but, having paid a part of the account, the plaintiff got more than he could have legally demanded.

*Reversed and dismissed.*