(93 South. 634)
**BRADLEY v. WALKER.** (6 Div. 640.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied June 30, 1922.)

**1. Action ⬤⟹38(4) — Count, alleging that defendant "negligently caused or allowed" street car to strike plaintiff, does not state two causes of action.**

Where, in an action for injuries from being run down by a street car, it was alleged in one count that defendant negligently caused or allowed the street car to run upon, etc., it did not thereby state two distinct causes of action, but charged the same cause in different words; "caused or allowed" being used disjunctively, either of which tended to aver and aided in stating the same cause.

**2. Damages ⬤⟹215(2) — Where wanton count eliminated in action for collision, refusing defendant's instructions that no damages as punishment could be assessed held error.**

Where, in an action for injuries from being run down by a street car, at the close of testimony plaintiff's attorney argued to the jury that they should, not only assess compensatory damages, but punitive damages in addition, and after argument the court orally stated in his charge that plaintiff could not recover upon the wanton count, thereby eliminating that count but did not instruct that the jury was not authorized to assess punitive damages, the refusal of defendant's instructions that the jury could not award any damages to punish defendant was error.

**3. Damages ⬤⟹91(3)—Punitive damages not recoverable for simple negligence.**

Punitive damages are not recoverable for simple negligence.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages for personal injuries by Will Walker against Lee C. Bradley, as receiver of Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 1 of the complaint is as follows:

"Plaintiff claims of the defendant $5,000 as damages, for that heretofore, to wit, on the 9th day of July, 1919, defendant was operating a street car upon a track on and upon grade with a public street in the city of Birmingham, Ala., and that, while plaintiff was in a wheeled vehicle, upon said public street, in a part of said city formerly known as Elyton, said street car operated by the defendant ran upon or against said vehicle, and, as a proximate consequence thereof, plaintiff was thrown, knocked, or caused to fall; was rendered unconscious; was made sore and sick; was crippled and disfigured; was cut, mashed, bruised, strained, sprained, and otherwise injured in his person; suffered great mental and physical pain and anguish; was rendered for a long time unable to work and carn money; and was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in or about his efforts to heal and cure his said wounds and injuries.

"Plaintiff avers that defendant negligently caused or allowed said street car to run upon or against said vehicle in which plaintiff was upon the occasion aforesaid, and, as a proximate consequence of said negligence plaintiff suffered said injuries and damage."

Tillman, Bradley & Baldwin and John S. Coleman, all of Birmingham, for appellant.

The jury should have been instructed, upon defendant's request, that they could not assess punitive damages against the defendant. 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354; 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; 87 Ala. 708, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; 120 Ala. 231, 24 South. 843; 182 Ala. 547, 62 South. 86; 133 Cal. 556, 65 Pac. 1085; 59 Miss. 456, 42 Am. Rep. 377; (C. C.) 64 Fed. 218; 81 S. C. 203, 62 S. E. 209; 2 Shearman & Redfield, Neg. (5th Ed.) 1280; 12 Encyc. Pl. & Pr. 213; 16 Ala. App. 420, 78 South. 414; 156 Ala. 389, 47 South. 332, 22 L. R. A. (N. S.) 1224.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The court correctly refused to instruct the jury that they could not assess punitive damages against defendant. 63 Ala. 266; 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; 134 Ala. 329, 32 South. 715; 16 Ala. App. 333, 77 South. 927; 80 Ala. 601, 2 South. 337; 156 Ala. 389, 47 South. 332, 22 L. R. A. (N. S.) 1224; 16 Ala. App. 209, 76 South. 515; 200 Ala. 697, 61 South. 468; 131 Ala. 429, 300 South. 777; 159 Ala. 310, 49 South. 310; 194 Ala. 351, 70 South. 7; 16 Ala. App. 414, 78 South. 408; 201 Ala. 700; 68 Ala. 280, 44 Am. Rep. 147.

MILLER, J. Will Walker sued Lee C. Bradley as receiver of the Birmingham Railway, Light & Power Company to recover damages for personal injuries received by him when the street car operated by defendant collided with a truck on which he (plaintiff) was riding in the public streets of the city of Birmingham.

There are two counts in the complaint. The first charges the defendant with simple negligence; the second charges that the injuries were inflicted wantonly and wrongfully by defendant. The defendant pleaded general issue and contributory negligence. There was judgment for plaintiff, and the defendant appeals.

An automobile truck had broken down, could not run with its power, and plaintiff and Herbert Thompson were sent with wagon and team of mules to haul it to Birmingham. Plaintiff was riding on and guiding the truck which was chained to the wagon, and Herbert Thompson was in the wagon driving the mules. While it was being pulled along in the public streets of Birmingham a street car operated by a motorman of defendant ran up behind the truck and into it. This threw plaintiff out and injured him, bruised his arm and leg, from which he suffered pain. The accident occurred early in the morning between daylight and sunrise.

[1] The court overruled demurrers of defendant to count numbered 1. There is no negligence charged in it to the agents or servants of the defendant while acting in the line and scope of their employment. The negligence is charged to the defendant alone. This count avers facts showing a duty owed plaintiff by defendant to use due care not to injure him in the public streets. This duty was negligently breached under the averments, and the allegations therein show plaintiff was injured as a proximate result of the negligent act. Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 South. 541 (headnotes 2, 3, and 4). By using these words, "negligently caused or allowed said street car to run upon or against said vehicle," etc., the count did not thereby state two distinct causes of action: it simply charged the same cause of action in different words: it used two words disjunctively, "caused or allowed," either of which tended to aver and aided in stating one and the same cause of action. The court did not err in overruling the demurrers. Morrison v. Clark, 196 Ala. 678, 72 South. 305; The Supreme Lodge, etc., v. Gustin, 202 Ala. 248, 80 South. 84; So. Ry. Co. v. Arnold, 162 Ala. 570, 50 South. 293.

[2] These two written charges, separately requested by the defendant, were refused by the court:

"I charge you that you cannot award any damage to punish the defendant."

"I charge you, gentlemen of the jury, you cannot award any damages to plaintiff for the purpose of punishing the defendant."

There are two counts in the complaint. The second charges a wanton and wrongful infliction of the injuries. After the testi-

mony closed one of the attorneys for plaintiff argued to the jury that—

They "should not only assess damages to compensate plaintiff for his injuries, but that they should in addition assess punitive damages."

He argued:

"Punitive damages should be imposed to deter defendant and his servants and agents from committing acts similar to the one by which the plaintiff received his injuries."

After the argument of attorneys closed, the court in its oral charge stated to the jury:

"He has stated his cause of action in another count of the complaint, called a wanton count; but at the request of the defendant in writing I will give you a written charge that the plaintiff cannot recover under that wanton count, leaving only for your consideration the plaintiff's cause of action contained in the negligence count which I have just outlined."

This eliminated the wanton count (No. 2) from the consideration of the jury. The defendant then requested the court to give those two charges. The witnesses were examined orally before the court and jury. After seeing and hearing them, the trial judge in effect declared by eliminating count 2, that there was no evidence or proof to support the charge of wanton and wrongful infliction of the injuries therein. The evidence as it appears in the record sustains his conclusion that defendant was liable, if at all, for compensatory damages based on the averments and proof tending to show simple negligence. There was no evidence showing or tending to show gross negligence or willfulness or wantonness. The court did not, in its oral charge, instruct the jury that they were not authorized under the evidence to assess punitive damages against the defendant.

[3] The court by giving the general affirmative charge, with hypothesis, at the request of defendant, as to count 2, the wanton count, decided there was no evidence tending to prove gross negligence, or a wanton and wrongful injury of the plaintiff. We concur in that conclusion. In B. R. L. & P. Co. v. Wise, 149 Ala. 492, 499, 42 South. 821, 823, this court wrote:

"Punitive damages are not recoverable for simple negligence, but the recovery in such case is for compensatory damages."

The plaintiff was not entitled to recover of defendant punitive or exemplary damages under count 1 of the complaint. It was the simple negligence count. B. R. L. & P. Co. v. Wise, 149 Ala. 492, headnote 5, 42 South. 821; B. R. L. & P. Co. v. Nolan, 134 Ala. 329, 32 South. 715; L. & N. R. Co. v. Markee, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; Roach v. Wright, 195 Ala. 333, 70 South. 271; Bowles v. Lowery, 5 Ala. App. 555, 59 South. 696. It is true the Court of Appeals in the case of Birmingham Water Wks. Co. v. Brooks, 76 South. 518, 16 Ala. App. 209, and in the case of W. U. Tel. Co. v. Williams, 16 Ala. App. 420, 78 South. 414, holds to the contrary; but these cases on this point have not been approved by this court, and they are not sustained by the decisions of this court since L. & N. R. R. Co. v. Markee, 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21. The case of Sparks v. McCreary, 156 Ala. 382, 47 South. 332, 22 L. R. A. (N. S.) 1224, cited by the Court of Appeals in 16 Ala. App. 420, 78 South. 414, does not sustain them.

When plaintiff's attorney made the argument for punitive damages to be assessed, these damages were in issue, as count 2, the wanton count, was then in the case. The defendant could not then have objected successfully to it. The argument was proper at that time. The court afterwards eliminated count 2 in its oral charge; hence after the argument and after count 2 was eliminated by the court the defendant properly requested those two written charges. Under the circumstances of this case they should have been given, as they state the law applicable to this case correctly. The jury should have been instructed after that argument, legitimate when made, that punitive damages could not be awarded by them. The particular facts stated clearly differentiate this case from Roach v. Wright, 195 Ala. 333, 70 South. 271, as to giving the charges, and from L. & N. R. R. Co. v. Holland, 173 Ala. 689, 55 South. 1001, and B. R. L. & P. Co. v. Chastain, 158 Ala. 428, 48 South. 85, as to raising the question by objecting to the argument.

For the errors mentioned, the case must be reversed. The complaint may be amended, and the testimony may be different on another trial; hence it is not necessary and will serve no good purpose for us to pass on the other errors assigned and argued.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.