(108 So. 632)

JEFFERSON GARAGE & SALES CO. v. THOMPSON. (6 Div. 808.)

(Court of Appeals of Alabama. May 11, 1926.)

**I. Trover and conversion ⬥60.**

Where conversion is accompanied by insult or malice, exemplary damages may be recovered in action of trover.

**2. Trover and conversion ⬥60—Punitive damages cannot be recovered for injury to automobile during unauthorized temporary appropriation by garage employee.**

Injury to plaintiff's automobile during unauthorized temporary appropriation by employee of garage in which it was stored does not entitle plaintiff to recover punitive damages, under complaint claiming damages for conversion of automobile.

**3. Damages ⬥91 (3).**

Exemplary damages are not recoverable under count alleging negligence only and not charging any wanton or intentional misconduct equivalent to wantonness.

**4. Appeal and error ⬥1067—Refusal to instruct that punitive damages could not be allowed for simple conversion, where neither pleaded nor proven, held reversible error, where plaintiff's counsel argued that they could be assessed, and it could not be determined whether they were allowed in verdict.**

Where plaintiff's counsel argued that punitive damages could be assessed in action for injury to automobile during its conversion, but neither pleading nor evidence authorized such damage, and court could not determine whether punitive damages were included in verdict for plaintiff, it was reversible error to refuse instruction that punitive damages could not be allowed.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by H. A. Thompson against the Jefferson Garage & Sales Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Charlton & Charlton, of Birmingham, for appellant.

No recovery may be had of punitive damages in trover, unless accompanied by acts of insult, malice, or willfulness. Howton v. Mathias, 197 Ala. 457, 73 So. 92; Semple School v. Yielding, 16 Ala. App. 584, 80 So. 159. The refusal of the written charge eliminating punitive damages was not error without injury, since neither count claimed such damages, and the evidence showed no insult or element of malice or willful wrongdoing. Bradley v. Walker, 207 Ala. 701, 93 So. 634.

T. J. Judge and Edgar Allen, both of Birmingham, for appellee.

If there was error in refusing the charge against a recovery of punitive damages, it

was rendered harmless by the charge of the court and the amount of the verdict. But, if defendant, with reckless disregard of plaintiff's rights, used his automobile in its business, it was a willful and wanton conversion, for which punitive damages were recoverable. Howton v. Mathias, 197 Ala. 457, 73 So. 92.

BRICKEN, P. J. Appellee, Thompson, sued the Jefferson Garage & Sales Company, a partnership. His cause of action is stated in two counts. The first claimed damages for the alleged conversion of an automobile, the property of the plaintiff. The second count claimed damages and alleged that the defendant was engaged in the operation of a public garage in Birmingham, Ala., that the plaintiff stored his car in said garage for hire or reward, and that, while it was in defendant's possession, the defendant negligently permitted one of its employees, servants, or agents to take the car, without the plaintiff's consent or permission, and drive the same, and while so doing the car was injured or damaged to the extent of $1,000. The defendant pleaded in short by consent. A jury assessed the plaintiff's damages at $250.

The evidence tended to show that the plaintiff stored his car at the defendant's garage, and that the defendant had a night man by the name of Renau in charge of its garage; that his hours of service were from 7 o'clock at night until 7 o'clock in the morning; that on the morning in question, about 7:30 o'clock, Renau took plaintiff's car from defendant's garage and carried a Mr. Howell home. Mr. Howell had previously left his car at defendant's garage for some repairs, and it is the theory of the plaintiff that Renau carried the customer home as an accommodation to the customer, and because the repairs on the customer's car had not been completed.

The defendant's theory is, and its evidence tends to show, that Renau was authorized by the plaintiff to use this car at will, and that Renau had the car out on the occasion complained for the purpose of looking at some property that he contemplated working up a trade for with the plaintiff in exchange for the automobile.

The bill of exceptions informs us that, during the argument of counsel for the plaintiff to the jury, counsel for plaintiff stated, in substance, that the plaintiff was, under the evidence, entitled to recover punitive damages. Objection was made to this argument by counsel for the defendant, and the trial court stated that he would charge the jury properly in relation thereto, to which action and ruling and statement of the court the defendant reserved an exception. The defendant then requested the court to give the following charge in writing: "Under the evidence in this case, the court charges the jury no recovery can be had for punitive damages."

[1] The rule in this state is that, where a conversion was accompanied by insult or malice, exemplary damages may be recovered in an action of trover. Howton v. Mathias, 197 Ala. 457, 73 So. 92.

[2] There is no evidence in this record tending to show that the alleged conversion was accompanied by insult or malice. The most that the evidence shows is an unauthorized temporary appropriation or use of the Thompson car by the garage company's employee, and injury to the car during this temporary, unauthorized use. This record does not show, and no contention is made, that the employee intended to permanently keep the car, or to assert any superior right to it. Under such circumstances, the plaintiff would not been entitled to recover punitive damages under the count in the complaint, claiming damages for the conversion of the car.

[3] The second count alleges negligence only. It does not charge any wanton or intentional misconduct equivalent to wantonness on the part of the defendant. It is well settled in this state that under a count of this kind exemplary damages are not recoverable.

[4] The appellee insists that the refusal of the charge above referred to was without injury, if it be conceded that its refusal was erroneous, and predicates that contention on the following propositions: (1) That the court charged the jury orally that, "If you find for the plaintiff, you may award him such sum as you reasonably believe from the evidence would be reasonable compensation for the alleged damages, which he claims he has suffered." (2) That the verdict was so small that a reading of the record will disclose no punitive damages were assessed.

The evidence tends to show that, after the accident to the automobile, Renau had it repaired at his own expense, and paid $262.03 for the repairs. The evidence on behalf of appellant tends to show that, after the repairs on the car were made at Renau's instance, it was in better condition than it was before the wreck, and was worth at least $50 more after it was repaired than before it was damaged.

The evidence for the appellee is to the contrary and tends to show that the car was worth from $1,800 to $2,000 before the accident, and that it would possibly bring $450 after it had been repaired.

Under this state of the record the court is unable to say whether or not any punitive damages are included in the verdict of the jury. Neither count in the complaint claimed punitive damages, and the evidence in the case did not authorize an award of punitive damages. It was argued by counsel that the plaintiff was entitled to recover punitive damages. Objection was made to this argument, and the court ruled as above stated.

Under these circumstances we are of the opinion that the case of Bradley v. Walker, 207 Ala. 701, 93 So. 634, is controlling. Under the rule there announced, the refusal of the charge referred to was error. For this reason

the judgment is reversed, and the cause remanded.

The other questions insisted upon in brief of appellant may not arise on another trial of the case.

Reversed and remanded.