(124 So. 504)

## F. BECKER ASPHALTUM ROOFING CO. v. NICHOLS. (3 Div. 640.)

Court of Appeals of Alabama. Nov. 12, 1929.

E. W. Wadsworth, of Montgomery, for appellant.

Walton H. Hill, of Montgomery, for appellee.

RICE, J. This appeal is on the record without bill of exceptions.

The complaint declares upon a written agreement, the substance of which is stated as follows:

"Plaintiff agreed to roof a portion of a house at 30 Mobile Street in the City of Montgomery, Alabama, and to paint and flash some chimneys thereon, said work to be done with F. Becker Asphaltum Roofing R. V. Square Trim design, plaintiff agreeing to guarantee upon completion of the work to repair all leaks free of charge for a period of five years which occurred through faulty material or workmanship, upon being given a reasonable notice."

It appears that the agreed price of the work was $266.

The causus belli, as averred, is defendant's failure to pay said $266.

Defendant filed special pleas of set-off and failure of consideration, in addition to the general issue. Plaintiff's demurrer to special pleas being overruled, replications were filed, and defendant's demurrer to these replications was sustained. Verdict and judgment went for defendant on his plea of set-off. Plaintiff appeals, and exhibits three assignments of error: (1) That "the court erred in overruling plaintiff's demurrer to defendant's pleas"; (2) that "the court erred in sustaining defendant's demurrer to plaintiff's replications"; and (3) that "the court erred in adjudging for defendant on his plea of set-off."

The first and second assignments are too general to require a separate review of the demurrers to each item of pleading, unless all of the several pleas are bad and all the replications good. Brown v. Shorter, 195 Ala. 692, 71 So. 103; Roach v. Wright, 195 Ala. 333, 70 So. 271.

Plea 5 sets up a demand due by plaintiff to defendant, which arose by reason of plaintiff's applying a roof to defendant's house in an unskilled and unworkmanlike manner, which caused said roof to leak and thereby damage the plaster and wall paper in defendant's house to the extent of $300, which the plea offers to set off, claiming judgment for the excess.

The burden of the argument in appellant's brief is that defendant failed to give plaintiff notice as required by the contract. A sufficient answer to this is that from the *substance* of the contract, averred in the complaint—and we are otherwise uninformed as to its *context*—defendant was not so required. The notice averred was a condition to repair without charge. Defendant's plea does not

claim on account of repairs, but on account of damages resulting from an original breach on the part of plaintiff.

Plaintiff's sixth replication is:

"That defendant failed to give any notice to the plaintiff as to the alleged defective condition of defendant's roof." This replication was subject to that ground of demurrer that no duty on defendant's part to give notice is alleged or shown.

As to assignment 3, nothing is thereby presented for review. As we have shown, the appeal is on the record proper without bill of exceptions.

No error appearing, the judgment must be affirmed.

Affirmed.